# Newman, Appellant, *v.* Romanelli.

*Trial—Court and jury—Binding instructions for plaintiff—Oral testimony—Evidence.*

A request for peremptory directions to a jury to find in favor of a plaintiff is properly refused where such request depends entirely upon oral testimony presented by the plaintiff.

Argued January 15, 1914. Appeal, No. 182, Jan. T., 1913, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., June T., 1912, No. 3994, on verdict for defendant in case of Abe and Rosie Newman v. Joseph Romanelli. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Action of trespass to recover damages for the illegal distraint of goods.

The opinion of the Supreme Court states the case.

Verdict for defendant and judgment thereon.   Plaintiffs appealed.

*Error assigned* was in refusing to direct a verdict for the plaintiffs.

*Abraham Wernick,* for appellant.

*John J. Elcock,* for appellee.

PER CURIAM, February 9, 1914:

The only assignment of error by the plaintiffs is to the refusal of the court to direct a verdict for them. The action was for the illegal distraint of goods that had been removed from premises leased by the defendant to one of the plaintiffs. In answer to plaintiffs' requests for charge, the jury were instructed that the distraint was unlawful if no rent was in arrears and that for an unlawful distraint or an excessive one or one on goods of a stranger removed from the demised premises before rent became due, a recovery could be had without proof of specific damages. The request for peremptory directions to the jury was based on oral evidence presented by the plaintiffs and it was properly refused. Where the proof in support of a plaintiff's claim is by oral testimony, it is the province of the jury to decide under instructions by the court, Reel v. Elder, 62 Pa. 308. "There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence if believed is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony." Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28.

The judgment is affirmed.