## Nanty-Glo Boro. *v.* American Surety Co., Appellant.

Argued October 4, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George W. Griffith,* with him *Philip N. Shettig,* and *Walter Jones,* for appellant.—The court erred in taking from the jury the opportunity to pass upon the truth of oral evidence whereby plaintiff sought to sustain its

action: Grambs v. Lynch, 20 W. N. C. 376; Madara v. Eversole, 62 Pa. 160; Lehigh C. & N. Co. v. Evans, 176 Pa. 28; Launtner v. Kann, 184 Pa. 334; Bartlett v. Rothschild, 214 Pa. 421; McGlinn Distilling Co. v. Dervin, 260 Pa. 414; Trexler v. Africa, 33 Pa. Superior Ct. 395; Second National Bank v. Hoffman, 229 Pa. 429; Second National Bank v. Hoffman, 233 Pa. 390; South Side Bank of Scranton v. Raine, 306 Pa. 561.

*Clarence E. Davis,* for appellee.—The jury should not be at liberty to indulge in a capricious disbelief: P. R. R. Co. v. Edson Bros., 92 Pa. Superior Ct. 496; Timlin v. Am. Patriots, 249 Pa. 465; Eister v. Paul, 54 Pa. 196; Rodgers v. Black, 15 Pa. Superior Ct. 498; Lipper Mfg. Co. v. Morris & Co., 58 Pa. Superior Ct. 611; Lonzer v. R. R., 196 Pa. 610.

OPINION BY MR. JUSTICE DREW, November 28, 1932:
Benjamin A. Estep was tax collector for plaintiff, the Borough of Nanty-Glo, Cambria County, for the year 1922, and defendant American Surety Company of New York was surety on his official bond. The report of the borough auditors, completed June 21, 1923, disclosed that he was short in his accounts to the extent of $4,-743.09. Before suit was brought, he reduced this shortage to $3,327.73, for which amount this action in assumpsit was entered against the surety company. Estep was later joined as a party defendant. At the conclusion of the testimony the learned trial judge granted plaintiff's motion for binding instructions and directed a verdict for plaintiff; from the entry of judgment on the verdict, the surety company appealed.

At the trial, plaintiff produced testimony which, if believed, was sufficient to establish that the loss suffered was of the sort insured against, namely, dishonesty on the part of the tax collector, and that notice of the loss was sent to appellant within ten days after its discovery, as required by the bond. Estep testified

he had used for his own purposes the money which he had collected but failed to turn over. Carlisle, clerk of the borough council and one of the auditors, testified that the shortage in Estep's accounts was first called to the attention of the council at its first meeting after the completion of the audit, and that he had, at the direction of the council, sent a copy of the audit to appellant four days thereafter, together with a letter calling attention to the loss. Appellant offered no evidence tending to contradict the testimony of these two witnesses. However, appellant contends that the court below erred in refusing its motion for a new trial, inasmuch as the trial judge, in directing a verdict for plaintiff, took from the jury the opportunity of passing upon the truth of this oral testimony setting forth matters essential to plaintiff's recovery.

We are of opinion that appellant is clearly right in its contention, and that a new trial must be had. In granting plaintiff's motion for binding instructions, the trial judge assumed the testimony of Carlisle and Estep to be true. This he had no right to do, even though it was uncontradicted. In the words of Justice SHARSWOOD, "However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence": Reel v. Elder, 62 Pa. 308. This rule is firmly established: Second National Bank v. Hoffman, 229 Pa. 429; Newman v. Romanelli, 244 Pa. 147; McGlinn Distilling Co. v. Dervin, 260 Pa. 414; see Phila. v. Ray, 266 Pa. 345. The credibility of these witnesses, without whose testimony plaintiff could not have recovered, was for the jury, and plaintiff's motion for binding instructions should not have been granted.

As the court below clearly erred in this respect, the judgment must be reversed. Since the case must be tried again, it is not necessary for us to pass upon the other questions urged on this appeal.

Judgment reversed and a venire facias de novo awarded.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

I dissent from the rule laid down in this case which amounts to this: That where witnesses have testified to facts and their testimony is uncontradicted and unimpeached, the case must be submitted to the jury, with the privilege to them to disregard the testimony and find a verdict counter to it. I think the rule should be to the contrary, that a jury may not be permitted to disregard evidence given by witnesses whose credibility is not attacked where there is nothing before them to discredit it. Under such circumstances, and in the case in hand, I think binding instructions are proper. What was said in Second National Bank v. Hoffman, 229 Pa. 429, was greatly modified when the case came up again on appeal: Second National Bank v. Hoffman, 233 Pa. 390.

The rule relied upon by the majority, based upon the cases cited, has behind it the idea that there is clairvoyance in twelve minds when they sit in a jury box, which enables them to know whether a witness is telling the truth or not. I can no more credit such a gift than I could that of fortune telling. I do not believe that when twelve heads are put together they radiate a power of divination in this respect superior to that in each individual cranium. In the instant case the defaulter admitted his embezzlement. A jury is to be permitted to say that he is not truthful in so stating, although he is a party defendant. The clerk of council says he notified the surety within the time notice was required to be given. No witness says that he did not. In the ordinary affairs of life such statements unchal-

lenged would pass for verity. In my opinion, they should in court. If the case had gone to the jury and they found a verdict for the defendant in the face of this testimony, the court would have been compelled to set such a verdict aside, since there would be no evidence to support it. "A judge......may direct a verdict for failure of the evidence, or where the evidence is contrary to all reasonable probabilities, or where it is uncontroverted. Likewise, a directed verdict is proper where it is plain that a contrary verdict cannot be allowed to stand": 16 R. C. L. 185. "That a verdict may also be directed for the proponent is accepted by the majority of courts......The usual situation is that of a plaintiff who has produced a mass of evidence sufficient to throw upon the defendant the liability of producing some evidence to the contrary, and if this duty is not sustained, it is the judge's function to make the decision. The only objection here can be that the judge must not reach his decision by assuming the plaintiff's testimony to be true (because that is the jury's province); yet where the testimony is undisputed,......this objection disappears": 5 Wigmore on Evidence, 2d edition, page 461. "Where the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no room to doubt what the fact is, the court should give a peremptory instruction to the jury": Gunning v. Cooley, 281 U. S. 90, 94.

I would affirm the action of the trial judge in giving binding instructions for plaintiff.