Chakan *v.* Pa. Mutual Life Ins. Co., Appellant.

Submitted March 8, 1933.

18

*Frank A. McGuigan,* and with him *William J. Brady,* for appellant.

*E. F. McGovern,* for appellee.

OPINION BY KELLER, J., April 17, 1933:

This case was submitted without oral argument. It is based on a life insurance policy issued to John Chakan in favor of his wife, the plaintiff, as beneficiary. The policy was issued on January 20, 1922, and called for semi-annual payments of $17.94 on January 20 and July 20 of every year for twenty years.

The policy allowed a grace period of one calendar month for the payment of premiums during which time the insurance would continue in force.

It also provided that after three years the company would lend, on assignment and delivery of the policy and on its sole security, a sum equal to, or at the option of the insured, less than the cash surrender or loan value as set forth in the table of privileges printed on the policy. It also gave the insured the option, after three years, at any time within the month's grace allowed for the payment of premiums, upon the surrender and cancellation of the policy at the home office of the company to accept the cash value of the policy, or to purchase non-participating paid-up life insurance payable at the death of the insured, or to have the insurance continued in force as term insurance from the date of default for its face amount; and provided that "if the insured shall neglect to exercise such right and the premiums remain unpaid at the expiration of the grace period the company shall elect the benefit from the table of privileges, and such election shall be binding upon the insured and all parties in interest hereunder."

The premium which fell due July 20, 1930 was not paid by the insured. The insured died December 31, 1930. The plaintiff alleged that within the grace period of one month after July 20, 1930, the insured had applied for a loan of $17.94 to pay the premium due on July 20, and delivered the policy to the company's agent, with directions to apply said loan to the payment of said premium; and that it had never been returned to him, but remained in the possession of defendant.

The defendant denied this, produced testimony tending to show that because of the agent's illness it was impossible for him to have received the policy within the grace period allowed; and offered evidence that the insured had applied for a reinstatement of the policy after the expiration of the grace period, which had been refused by the company; and that the company had elected to pay the insured, upon default after the grace period, the cash surrender value of the policy, $149. But it failed to prove such payment, or to present competent documentary evidence of an election to make such payment, or of any offer to pay it to the insured. If such election was not made before the death of the insured, the extended insurance privilege would carry the full amount of insurance past the day of his death.

The plaintiff denied that the signature to the application for reinstatement of insurance was that of her husband.

The evidence was conflicting and raised questions of fact which were submitted by the trial judge to the jury in a fair, full and adequate charge to which no exception is pressed beyond the refusal of binding instructions in favor of the defendant.

In view of the very recent decision of the Supreme Court in Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 Atl. 523, it would have been error to grant

defendant's motion for binding instructions. And we find no abuse of discretion in the lower court's refusal to grant a new trial on the general reasons presented by the defendant.

The judgment is affirmed.