## Ostafy *v.* Ukrainian National Association, Appellant.

Argued May 2, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Francis Taptich,* and with him *Basil Onyshkow,* for appellant.

*S. H. Huselton,* for appellee.

Opinion by Cunningham, J., October 2, 1933:

Plaintiff's action of assumpsit, as the beneficiary named in a membership certificate issued by the defendant fraternal beneficial association to her husband, terminated in a verdict in her favor for $827.50. Upon this appeal by the defendant from the judgment entered upon the verdict, the questions involved are whether the court below erred in denying defendant's request for binding instructions, or in refusing a new trial.

On May 31, 1929, Ukrainian National Association issued its Membership Certificate No. 45,374 (Assembly No. 384) to Thomas Ostafy as a "Class B" member. Upon his death, February 9, 1931, his widow, Julia Ostafy, the beneficiary, demanded as the amount due her under the certificate the sum of $750, and, upon

the refusal of the officers of the association to recognize and pay her claim, brought the suit out of which this appeal arose.

The defense pleaded was that the insured had "falsely and fraudulently misstated his age in [his] application for membership;" that he had declined to avail himself of the method provided in defendant's by-laws for correcting an inadvertent misstatement as to age; "and, as a result thereof, was expelled from membership" on July 31, 1930.

Plaintiff's prima facie case consisted of proof of the issuing of the certificate, payment or tender of all dues, the furnishing of proofs of death, and a formal demand for benefits. The testimony of plaintiff and Wasil Turko, (treasurer of defendant but called by plaintiff) related chiefly to repeated tenders, and refusals, of dues. In effect, this testimony was that all dues were paid or tendered as they fell due, and that the reason assigned by the local lodge for refusing to accept any dues after a certain date was the alleged misstatement by the insured of his age. Under all the evidence, defendant could not have successfully resisted payment of the claim upon the ground of nonpayment of dues.

The evidence for defendant at the trial was to the effect that, although the insured had stated in his written application that he was forty-five years of age (and thereby secured a larger amount of insurance than would have been granted to an older applicant), he admitted to a committee sent to call upon him that he was over fifty-five and made a similar admission during a meeting of the local lodge in July, 1930, and neglected to get a birth certificate within the period of ninety days specified in the by-laws. There was also the indefinite statement of a cousin of the insured, thirty-nine years of age at the time of the trial, that the insured was "a big man" when the witness was only eight or nine years old.

The by-laws upon this subject read: "Misstatement of Age. If a member shall have misstated his age in his application for membership, all benefits shall be forfeited, and the same shall not be paid to the beneficiaries or any other person;" and "Mistake in Age Corrected. If it shall appear during the lifetime of a member that he has made a mistake in giving his age, at the time of his admission, he shall make, through his Subordinate Assembly, a written statement of the facts to the Supreme Recording Sectary. Upon satisfactory evidence that the mistake of age was not fraudulently intended, the age of such member may be corrected upon paying all the back dues to his actual age, or returning to him the overpaid dues, as the case may be, from the time of his admission to membership."

Another by-law provided that "persons over fifty-five years of age are not admitted." The trial judge submitted to the jury the question whether the insured had misstated his age, saying: "You will recall the testimony as to the application of the insured. He stated in that application that he was forty-five years of age. The only evidence to controvert that, as far as the defendant is concerned, is certain statements or certain admissions to certain members of the association that his age was not forty-five years but, as some of the witnesses stated, that he was older than forty-five years of age, without stating how old he was. One of the witnesses, as I recall, testified that the insured stated to him that he was fifty-five years of age. Now, if you believe that to be true, that the insured did misstate his age in making the application for this insurance which he was taking out, then the defendant would not be liable to pay. ...... Now the question for you to determine is was this man forty-five years of age at the date of the issuance of the policy, or was he older, or did he misstate his age at that time, re-

calling the testimony as to the application of the insured in which he stated that he was forty-five and as against that the admissions that have been testified to that he was older than that."

It is now contended on behalf of defendant that the trial judge should have directed a verdict in its favor because the testimony, relative to admissions by the insured, was not contradicted.

Aside from the fact that the person alleged to have made these admissions was dead, this contention entirely overlooks the long established principle, reaffirmed and repeated in Nanty-Glo Boro. v. Amer. Surety Co., 309 Pa. 236, 163 A. 523, that when the proof depends upon oral testimony, it is the duty of the trial judge to submit the question to the jury, subject to the salutary power to award a new trial if the court deems the verdict contrary to the weight of the evidence. The jury was not bound to, and evidently did not, accept the testimony in behalf of the defendant relative to the alleged admissions.

Its conclusion may have been influenced by the fact that when counsel for plaintiff wrote the defendant association demanding settlement, its financial secretary replied that the insured had been "a member for a period of one year and was suspended and expelled for non-payment of monthly dues in July, 1930, therefor no benefit will be paid out." There was also in evidence a letter written to the insured, in reply to a complaint upon his part concerning the non-payment of sick benefits, in which the recording secretary said, "You were told by local secretary that your membership of the association was lost—after investigation, I may say that local branch No. 384 reported you as suspended in July, 1930, for non-payment of monthly dues." In neither of these communications from the responsible officers of defendant was any reference made to the alleged misstatement by the insured of

his age. Under all the circumstances, it could hardly be said that the verdict was the result of a capricious disbelief of the evidence.

The third reason assigned for a new trial reads: "3. Since the trial, the defendant discovered material evidence pertinent to the issue of the case and likely to induce a different verdict."

The alleged after discovered evidence was neither set forth nor described in the motion, nor was it alleged that it could not have been obtained prior to the trial through the exercise of reasonable diligence. Counsel for defendant state in their brief that the evidence referred to is a certified copy of the birth certificate of the insured, showing he was born in Poland, October 14, 1869. They have attached to their brief a photostatic copy of a certificate of the birth of a "Timotheus Ostafij"—the first name of the holder of the certificate sued upon was Thomas. Manifestly, we cannot consider on appeal a document which was not offered in evidence or even produced in the court below. The reason given in the brief for its non-production at the argument upon the motion for a new trial was that it had been returned to Poland for certification. This case was pending below for more than a year; if the same diligence had been exercised during that period as has been shown since the trial, the document could have been procured in ample time for use at the trial. If the result of this litigation works any injustice to the defendant, it may be attributed solely to the dilatoriness of the defendant's officers.

We are not convinced the court below committed any reversible trial error or abused its discretion in refusing a new trial.

Judgment affirmed.