Betzig *v.* Cook, Appellant.

Argued November 11, 1953.   Before RHODES, P. J.,
HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Henry Kauffman*, with him *Louis Little*, for appellant.

*Walter F. Campbell*, for appellee.

OPINION BY HIRT, J., March 16, 1954:

In this action in assumpsit plaintiff sought to recover $204.83 upon a written contract for repairs to a building on defendant's land. The work which plaintiff agreed to perform was specifically set forth in the contract. In his answer to the complaint defendant pleaded a counterclaim to the action. He alleged that plaintiff had not performed his contract in that he had failed to install new "lookouts" and to replace a section of the siding. He also averred by way of counterclaim that plaintiff had failed to renew the tin in the gutters and that instead of pointing up the chimney he had removed several layers of bricks with the result

that a down-draft was created. Plaintiff at the trial testified that he had fully performed his contract with the exception of replacing a section of the siding which could be done for $5. Defendant admittedly was entitled to a credit in that amount. Defendant's testimony was that plaintiff had failed to perform his contract in other respects and a building contractor testified for defendant that it would cost $150 to complete the work contemplated by the written agreement. Thus the issues were those of a typical action in assumpsit in which a counterclaim was asserted in reduction of the contract price because of the alleged failure of the plaintiff to perform the work as agreed. The verdict nevertheless was for the plaintiff in the sum of $204.83 with interest, the full amount of the plaintiff's claim.

In the charge to the jury the trial judge said: "When you bring in a verdict, you dispose of the original suit and you dispose of the counterclaim. In your verdict you do not set off one suit against the other . . . Your verdicts cannot be inconsistent. If you find for the plaintiff in the admitted sum of $204.83,—and there has been no contention by the defendant as to that not being right, he claiming there should not be any at all, —therefore if you find for the plaintiff in the original suit, then in the counterclaim you have got to find for the same plaintiff who is the defendant in that counterclaim, otherwise your verdicts would be inconsistent." And further: "Although the sums are admitted, Members of the Jury, as to the balance due, what the defendant is saying now is that you are not bound by that. However, we will tell you this: that if the defendant figured there was anything less due or that this $204.83 was not a right figure, it was his duty to tell you what a right figure was and to support it by evidence. You cannot just guess." In addition the

court instructed the jury in affirming a point submitted by the plaintiff that "There is no evidence on the part of the defendant that the value of the work done by plaintiff was not of the value of $204.83."

There is clear error in the charge. Even if plaintiff had made out a prima facie case for the full amount of his claim by uncontradicted and unimpeached testimony, the credibility of his witnesses and the weight of their testimony still would have been for the jury in determining the amount recoverable. *Nanty-Glo Boro. v. Amer. Surety Co.*, 309 Pa. 236, 163 A. 523. But plaintiff's proofs in this case were impeached and $204.83 was not an "admitted sum" due the plaintiff as stated to the jury in the charge. Defendant denied that the contract was fully performed, in specific respects, and contended that he was entitled to a credit by way of counterclaim in the amount of the cost of completing the work.

Moreover there were irreconcilable conflicts in the charge of the court which could not have done other than to confuse the jury.

Judgment reversed and a new trial awarded.