## Shelanski v. The Philadelphia Transportation Company

*Joseph D. Shein*, for plaintiff.

*Edward Greer*, for defendant.

*William F. Sullivan*, for additional defendant.

McDEVITT, J., April 7, 1969.—Additional defendant, Philadelphia Suburban Transportation Company ("Red Arrow") has moved for summary judgment in its favor against plaintiff and against Philadelphia Transportation Company ("PTC"). In support of its motion, Red Arrow has submitted affidavits of its employes (incorporating records and physical evidence) which tend to show that no Red Arrow Vehicle or employe was involved in any mishap similar to the one in which plaintiff claims he was injured on November 21, 1966. Also, Red Arrow has submitted its interrogatories to plaintiff and to PTC and the respective parties' answers thereto. PTC, in opposing the motion,

has submitted affidavits of its own employes tending to show that no PTC vehicle or employe was involved in the alleged mishap to plaintiff.

We must render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law": Pa. R. C. P. 1035 (b). Red Arrow has sought to prove conclusively that there is no material issue as to its liability in the present case.

No matter how many affidavits it might present in favor of its denial of liability (presented in its pleadings), Red Arrow would not be entitled to judgment in its favor; the affidavits are the equivalent of oral testimony and it is the province of the jury alone to pass on the credibility of such testimony: See Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236 (1932). The only way that Red Arrow could establish its position is by proving conclusively from the pleadings and affidavits either that the mishap did not occur or that it occurred on a PTC vehicle.[1]

An examination of the pleadings and other papers properly before us convinces us that a material issue of fact remains as to whether the accident occurred at all and as to whether, if it did occur, it occurred on a PTC vehicle or a Red Arrow vehicle. Accordingly, we enter the following

ORDER

And now, April 7, 1969, it is ordered that additional defendant's motion for summary judgment be, and it is hereby, denied.

---

[1] One further issue would remain to be solved if Red Arrow conclusively established the second alternative; namely, whether Red Arrow could be held jointly liable on a joint adventure theory. We bypass this issue because of our adverse finding to Red Arrow on the liminal issue.