## Fialla-Bertani v. Pennysaver Publications of Pennsylvania Inc.

C.P. of Allegheny County, G.D. no. 97-9322.

*Michael Jansen,* for plaintiff.
*James A. Prozzi,* for defendant.

STRASSBURGER, *J.,* March 15, 2000—On June 17, 1997, plaintiff, Sharyn Fialla-Bertani, instituted this action by filing a complaint alleging that her employer, Pennysaver Publications of Pennsylvania Inc., owed her wages, in the form of an earned bonus, pursuant to the Wage Payment and Collection Law. 43 P.S. §260.1-260.12. On August 25, 1997, defendant terminated plaintiff's employment. As a result, plaintiff filed an amended complaint alleging that she was discharged in

retaliation for filing her WPCL claim. This matter has come before me on defendant's motion for summary judgment.

Summary judgment is appropriate where there are no genuine issues of material fact allowing the court to make a determination as a matter of law. Pa.R.C.P. 1035.2. In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98-99, 674 A.2d 1038, 1041 (1996).

## 1. THE WAGE PAYMENT AND COLLECTION LAW CLAIM

The WPCL provides employees with a statutory remedy to collect wages that are due from their employers. 43 P.S. §260.3. Here, plaintiff alleged that she was entitled to bonus money in 1995 pursuant to a compensation agreement. Defendant denies that such an agreement existed in 1995.

The employment relationship between plaintiff and defendant commenced in February 1993, when plaintiff was hired as a telemarketing sales manager. (Complaint ¶8.) In this capacity, plaintiff earned a salary and performance bonuses, both monthly and yearly, under the terms of a written compensation plan. (Def. brief exhibit B—Bertani depo. exhibit 2.) A new written compensation plan was issued in 1994. It, too, entitled plaintiff to a salary and performance bonuses. (Def. brief exhibit B—Bertani depo. exhibit 3.) However, defendant claims that in February 1995, plaintiff was demoted resulting in a cancellation of her right to a bonus in 1995. (Def. brief p. 4.) Apparently, there was no written compensation plan issued for 1995.

Defendant argues that the absence of a 1995 written compensation plan is conclusive evidence that a plan

providing performance bonuses did not exist. In support of this contention, defendant offers affidavits of Pennysaver employees. Plaintiff, on the other hand, claims that the plans "rolled over" from year to year. In support of this contention, plaintiff points to the fact that the written plans did not specify an end date.

Defendant's affidavits of its representatives are not sufficient to prove the absence of a 1995 compensation agreement. See *Nanty-Glo Boro. v. American Surety Co. of New York,* 309 Pa. 236, 238, 163 A. 523 (1932). Therefore, whether plaintiff was under a compensation plan which entitled her to earn performance bonuses in 1995 is a genuine issue of fact precluding summary judgment on the WPCL claim.

Furthermore, plaintiff points out: (1) Defendant claims that plaintiff was demoted in February 1995; and (2) the 1994 compensation plan had a review date of March 1, 1995. These facts are sufficient to defeat summary judgment regarding plaintiff's entitlement to a bonus for the two months prior to the alleged demotion, January and February 1995.

## II. THE WRONGFUL DISCHARGE CLAIM

In September 1995, plaintiff was replaced as telemarketing sales manager. (Complaint ¶8.) In December 1995, plaintiff was reprimanded at a meeting with Mr. Weaver, the vice president of telemarketing, and Gene Carr, the vice president of sales and marketing for defendant's parent company. (Def. brief exhibit B— Bertani depo. exhibit 8.) At that meeting, plaintiff contends that she made the first of numerous demands for payment of her 1995 performance bonus. (Pl. brief, exhibit 11, p. 214.) The record demonstrates that plaintiff's demands for payment were followed with negative em-

ployment related events including reprimands and recommendations of discharge.

On June 5, 1997, plaintiff was reprimanded and threatened with termination if she did not show improvement by mid-July. (Pl. brief, exhibit 1, p. 30.) On June 17, 1997, plaintiff filed her complaint in this matter. Then, on July 29, 1997 and July 30, 1997, plaintiff received disciplinary counseling from Mr. Weaver. (Pl. brief, exhibit 1, pp. 34-39.) On August 25, 1997, defendant terminated plaintiff's employment. (First amended complaint ¶15.) Plaintiff amended her complaint on November 20, 1997, alleging that she was terminated in retaliation for filing her WPCL action.

The timing of events presents a question of fact as to whether plaintiff was fired in retaliation for filing a WPCL claim. The issue in this case is whether Pennsylvania recognizes a cause of action for wrongful discharge of employment in retaliation against an employee for filing a WPCL action. This issue has not yet been determined by our appellate courts.

In Pennsylvania, the employee-employer relationship is at-will. *Shick v. Shirey,* 552 Pa. 590, 594, 716 A.2d 1231, 1233 (1998). This means that, generally, either party is free to terminate the employment at any time, for any reason. *Shick,* 552 Pa. at 595, 716 A.2d at 1233. However, there are public policy exceptions to the at-will employment doctrine. For instance, an employer may not terminate employment in retaliation for an employee's filing of a workers' compensation claim. *Id.* at 604, 716 A.2d at 1237. Nor may the employment relationship be terminated in retaliation for an employee's filing of an unemployment compensation claim. *Highhouse v. Avery Transportation,* 443 Pa. Super. 120, 660 A.2d 1374 (1995). As stated in *Highhouse,* "the courts have consistently held that employers violate the public policy of

this Commonwealth by discharging employees for exercising legal rights." *Highhouse,* 443 Pa. Super. at 126, 660 A.2d at 1377.

Defendant argues that there is no public policy protecting employees who attempt to collect wages under the WPCL from being terminated because they filed a lawsuit. In support of this argument, defendant relies upon *Booth v. McDonnell Douglas Truck Services Inc.,* 401 Pa. Super. 234, 585 A.2d 24 (1991). In *Booth,* an employee sought commissions from his employer. *Booth,* 401 Pa. Super. at 237, 585 A.2d at 25. The employer disputed that the commissions were owed to the employee, cut back the employee's responsibilities and ultimately terminated the employment relationship. *Id.* Afterward, the employee filed a lawsuit alleging, inter alia, that he was wrongfully discharged for seeking commissions which were due to him. *Id.*

On those facts, the Pennsylvania Superior Court determined that, though public policy protected a person's right to enforce a contract, the discharge of employment did not foreclose the employee from seeking to enforce his contract. *Booth,* 401 Pa. Super. at 238, 585 A.2d at 28. Therefore, the employee did not demonstrate a public policy exception to the at-will employment doctrine. *Id.*

The facts of this case are distinguishable. Here, plaintiff was discharged *after* exercising her legal right to file an action at law to resolve her WPCL claim. In *Booth,* to the contrary, the employee was discharged by his employer *before* he filed a lawsuit. The crucial distinction: here, if plaintiff's allegation is true, she was fired for exercising her right to have her dispute resolved in a court of law.

Plaintiff points out that if a person can be terminated because she files a legal action to resolve a wage claim, there will be a chilling effect on those who seek to protect their right to collect wages. I agree. A claim pursuant to the WPCL is substantially similar to a workers' compensation claim. Both claims provide a statutory remedy by which an employee may seek redress for wrongs committed by the employer.

The essence of *Shick* is that public policy prohibits an employer from terminating an employee as punishment for that employee's exercising a statutory remedy against the employer. Just as the Pennsylvania Supreme Court has determined that there is a strong public policy favoring an employee's right to be compensated for work-related injuries, see *Shick,* 552 Pa. at 603-604, 716 A.2d at 1237, there is also a strong public policy in favor of an employee's right to receive the wages that her employer promised to pay. Thus, in this case, plaintiff has alleged a valid cause of action—wrongful discharge in retaliation against an employee who files a lawsuit to collect wages under the WPCL. As a result, summary judgment is inappropriate in light of the factual dispute on the record.

Finally, defendant has asserted that, even if a public policy exception to the at-will employment doctrine exists, it is still entitled to summary judgment because it had a separate, plausible and legitimate reason for firing plaintiff based upon her alleged performance deficiencies. Whether this is true or not is a question of fact which will have to be resolved at trial.

## ORDER

And now, March 15, 2000, it is hereby ordered that defendant's motion for summary judgment is denied.