## Aetna Inc. v. Lloyd's Underwriters

*Judd A. Serotla,* for plaintiff.
*Brian L. Watson,* for defendants.

SHEPPARD JR., *J.,* February 20, 2008—In this action, plaintiff, Aetna Inc., seeks to recover from certain of its professional liability insurers $1,829,286 in defense costs and $9,250,000 in settlement amounts that Aetna paid in an underlying action involving a subsidiary—*Novant Health Inc. v. Aetna US Healthcare of North Carolina Inc.* (the Novant claim). The Novant claim was filed September 3, 1998, in the North Carolina state court, and was served shortly thereafter.

Aetna contends that it is entitled to coverage for the Novant claim under its claims-made Professional Liability insurance policies. Aetna asserted alternative claims for coverage in this action against its 1998 professional liability insurers, Columbia Casualty Company and Continental Casualty Company (collectively, CNA), and against its 1999 professional liability insurers, Certain Underwriters, Lloyd's, London, Executive Risk Spe-

cialty Insurance Co. (ERSIC), Steadfast Insurance Co., and Fireman's Fund Insurance Co. of Ohio (collectively, Lloyd's, ERSIC, Steadfast and Fireman's are the 1999 insurers).[1]

Although CNA and its subsidiaries issued policies to Aetna for policy year 1999, Aetna does not claim coverage from CNA for 1999 because those CNA 1999 policies have been exhausted. Since Aetna has not exhausted its 1998 coverage from CNA, it asserted a claim against CNA for that policy year. Aetna's claims against the 1998 and 1999 insurers are mutually exclusive, *i.e.,* if it recovers against CNA under the 1998 policy, then it cannot recover against the 1999 insurers. Alternatively, if it recovers under the 1999 policies, then it cannot recover from CNA under the 1998 policy.

CNA filed this motion for summary judgment urging that all claims against it be dismissed on several grounds: (1) Under the terms of the 1998 and 1999 Professional Liability policies, the Novant claim is a 1999 claim, so Aetna cannot claim coverage from CNA under the 1998 policy; (2) Aetna previously agreed with CNA that the Novant claim is a 1999 claim, so Aetna is now estopped

---

1. The relevant Professional Liability policies that Aetna had in place for 1999 are as follows:

| Insurer name | Type of policy | Amount of coverage |
|---|---|---|
| CNA | Primary | $500,000/claim<br>$1 million/aggregate |
| CNA | Excess | $1.5 million/claim<br>$11 million/aggregate |
| CNA | Excess | $30 million |
| Lloyd's | Excess | $25 million |
| ERSIC | Excess | $30 million |
| Steadfast | Excess | $15 million |
| Fireman's | Excess | $25 million |

from arguing otherwise; and (3) Aetna filed its coverage claims against CNA after the applicable four-year statute of limitations ran, so its claims against CNA are time barred.[2] Aetna agrees with CNA's first argument, that the Novant claim is covered by the 1999 policies, but the 1999 insurers oppose the court's granting the motion on that basis. The 1999 insurers join in CNA's second and third arguments, but Aetna opposes the court's granting of the motion on those grounds.

## I. *There Are Disputed Issues of Material Fact That Preclude the Court From Finding As a Matter of Law That the Novant Claim Is a 1999 Claim*

Both the 1998 and 1999 policies state that a claim is first made against Aetna, and therefore potentially covered under these claims-made policies, "when the Corporate Risk Management Department of [Aetna] first becomes aware of such claim or when the insurer is notified in writing by the Corporate Risk Management Department of [Aetna] of a specific circumstance involving a particular person which is likely to result in a claim."[3]

Based on this language Aetna argues that it does not matter that someone connected to Aetna necessarily first became aware of the Novant claim in September 1998 (when Aetna was served with the complaint), since that someone was not in Aetna's Corporate Risk Management

2. The second and third arguments in favor of summary judgment were first put forward by several of the 1999 insurers in their responses to CNA's motion, but CNA has since adopted those arguments as its own.

3. CNA's motion for summary judgment, exhibits A, D.

Department. Instead, Aetna relies upon evidence that the Corporate Risk Management Department first became aware of the Novant claim on or about July 2, 1999, when a clerk in that department received information about the Novant claim from someone in another department at Aetna and opened a Novant claim file. Also in July 1999, Aetna's Corporate Risk Management Department first put CNA on notice of the Novant claim. As a result, Aetna and CNA argue that, under the plain language of the 1998 and 1999 policies, the Novant claim was first made in 1999, and it is covered under the 1999 policies.

In opposing CNA's motion for summary judgment, the 1999 insurers first point to evidence that it was Aetna's corporate policy for persons in the Legal Department to notify the Corporate Risk Management Department of covered claims within 48 hours of the Legal Department's review of the underlying claim.[4] If this policy was followed, the 1999 insurers argue, Aetna's Corporate Risk Management Department should have been made aware of the Novant claim in the fall of 1998. Thus, it would fall under the 1998 policy. Secondly, the 1999 insurers stress their and Aetna's prior course of dealing and performance under the 1999 policies in which the parties ascribed several claims to the policy for year in which they were filed against Aetna and not to the subsequent year in which Aetna's Corporate Risk Management Department became aware of the claim.[5] Finally, the 1999 insurers argue that there is a duty implied in the 1998 and 1999 policies that required Aetna

_____

4. Lloyd's appendix of exhibits, vol. II, exhibit 18.
5. *Id.,* exhibits 23, 24.

to give its insurers reasonable and prompt notice of all covered claims filed against it. Accordingly, they urge that a delay of 10 months between when Aetna received the Novant complaint in September 1998, and when Aetna notified its own Corporate Risk Management Department and CNA of the Novant claim in July 1999, is neither reasonable nor prompt.

While the evidence produced by the 1999 insurers does not compel the court to find that the Novant claim is a 1998 claim,[6] it is sufficient evidence to create a dispute of material fact as to when Aetna's Corporate Risk Management Department first became aware of the Novant claim. As a result, this court cannot hold that the Novant claim is a 1999 claim as a matter of law.

## II. *There Are Disputed Issues of Material Fact That Preclude the Court From Finding As a Matter of Law That Aetna Is Estopped From Denying That the Novant Claim Is a 1999 Claim*

CNA and the 1999 insurers argue that Aetna should be estopped from claiming that CNA must cover the Novant claim under the 1998 policy because Aetna and CNA previously agreed to treat the Novant claim as a 1999 claim. The evidence proffered to support this argument consists of: (1) deposition testimony by Louis

---

6. Since the parties have not completed discovery, they may yet uncover additional evidence upon which they may base a subsequent motion for summary judgment on the issue of whether the Novant claim falls under the 1998 or 1999 policies.

The court makes clear that the court's ruling in this opinion and accompanying order also *does not preclude* CNA or any other party from moving for summary judgment on other grounds, such as CNA's pending motion based upon the argument that the Novant claim is not a covered loss under the terms of either the 1998 or 1999 policies.

Roberts, a vice president of, and lawyer for CNA, to the effect that such an oral agreement was reached between him and Aetna's counsel, and (2) an e-mail from Aetna's counsel to counsel for CNA in which Aetna's counsel stated that she and Roberts "agreed CNA would not deal with [the Novant claim] at all but would leave it for Lloyd's."[7]

The court cannot rely upon the deposition testimony of the moving party's agent (Mr. Roberts) to grant summary judgment.[8] Further, the e-mail from Aetna's counsel, read alone, does not clearly set forth the terms of the deal that CNA and the 1999 insurers assert was made between Aetna and CNA. Therefore, the court may not find as a matter of law that Aetna is estopped from arguing that the Novant claim is covered under CNA's 1998 policy.

### III. *Aetna Timely Filed Its Claims Against CNA in This Action*

The parties do not dispute the facts relevant to CNA's statute of limitations defense. Instead, they disagree as to the legal significance of those facts. The relevant history follows:

September 3, 1998—Novant action filed in North Carolina.

July 21, 1999—Aetna put CNA on notice of the Novant claim.

---

7. Lloyd's appendix of exhibits, vol. I, exhibits 1, 2.

8. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 238, 163 A. 523, 524 (1932).

May 3, 2001—CNA issued a letter denying coverage for the Novant claim.

May 16, 2001—Aetna and other parties reached agreement on settlement amount for the Novant claim.

June 6, 2001—Last party signed Novant settlement agreement.

June 14, 2001—Aetna paid Novant settlement amount.

May 27, 2005—Aetna commenced this action by writ of summons.

The parties agree that Aetna's claims are governed by Pennsylvania's four-year statute of limitations for contract actions.[9] The parties disagree as to when the four-year limitation period began to run.

CNA and the 1999 insurers argue that the limitations period began when CNA issued the denial of coverage letter on May 3, 2001, or, at the latest, when the Novant claim was settled orally on May 16, 2001. If so, then Aetna filed its claim either 24 or 11 days too late. Aetna argues that the statute of limitations began to run when it paid the Novant settlement on June 14, 2001, or, at the earliest, when the Novant settlement agreement was signed and became effective according to its own terms on June 6, 2001. If Aetna is correct, then it filed this action with either 18 or 10 days to spare.

A cause of action for breach of contract accrues for statute of limitations purposes "when there is an existing right to sue forthwith on the breach of contract," *i.e.,* "when plaintiff first could have maintained [its] action

9. 42 Pa.C.S. §5525(a)(8).

to a successful conclusion."[10] In order for an insured to recover from an insurer for breach of a contract of insurance, the insured must have sustained a covered loss which the insurer refuses to pay. In most coverage cases, the statute of limitations starts to run from the date of the denial of coverage letter because it is necessarily issued after the loss occurs. This case is atypical in that the insurer, CNA, preemptively denied coverage in the face of pending settlement negotiations, which negotiations subsequently led to a loss suffered by the insured Aetna.

As to when Aetna first suffered that loss, it was no earlier than the date that the written settlement became final on June 6, 2001. The parties to the Novant lawsuit clearly required a signed, written agreement before they considered themselves bound by their oral agreement. The written settlement agreement provides:

"This agreement is effective on the date of signature of the last signatory to this agreement ('effective date') and shall become final and binding only upon signing by each party hereto."[11]

The existence of a prior oral agreement-in-principal, which is not even referenced in the written agreement, is not enough to trigger the running of the statute of limitations. Since Aetna filed this lawsuit within four years of the "effective date" of the written Novant settlement agreement, its claims are timely.

---

10. *Leedom v. Spano,* 436 Pa. Super. 18, 28, 647 A.2d 221, 226 (1994).

11. Aetna's 8/13/07 response to motion for summary judgment, exhibit B, p. 12.

## CONCLUSION

For these reasons, CNA's motion for summary judgment should be denied. An order consistent with this opinion will be contemporaneously entered.

## ORDER

And now, February 20, 2008, upon consideration of the motion for summary judgment of Columbia Casualty Company and Continental Casualty Company, the responses in opposition, the briefs in support and opposition, all other matters of record, and after oral argument on September 4, 2007 and in accord with the contemporaneous opinion, it is ordered that the motion is denied.