J-A18028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK RICHMOND, JILL RICHMOND IN THEIR OWN RIGHT AND AS PARENTS AND NATURAL GUARDIAN OF KYLE RICHMOND A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| WILD RIVER WATERPARK, INC. AND LAKE RAYSTOWN RESORT, LLC D/B/A LAKE RAYSTOWN RESORT, AND R.R.P. RECREATION, A PA LIMITED PARTNERSHIP, AND P. JULES PATT IN HIS OWN RIGHT AND AS A GENERAL PARTNER OF R.R.P. RECREATION, A PA LIMITED PARTNERSHIP | |
| Appellees | No. 1972 MDA 2013 |

Appeal from the Order of October 11, 2013,
In the Court of Common Pleas of Huntingdon County
Civil Division at No.: 2008-1283

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                **FILED OCTOBER 06, 2014**

Mark Richmond and Jill Richmond, in their own rights and as parents and natural guardians of their son, Kyle Richmond (collectively, "the Richmonds"), appeal the October 11, 2013 order that granted summary judgment in favor of Wild River Waterpark, Inc., Lake Raystown Resort, LLC d/b/a Lake Raystown Resort, R.R.P. Recreation, LP, and P. Jules Patt in his own right and as a general partner of R.R.P. Recreation (collectively, "Wild River Waterpark").  Among other claims, the Richmonds challenge the

determination that the amusement park "no-duty" rule precluded their ability to state a claim for negligence against Wild River Waterpark after Kyle Richmond sustained injuries on a waterslide. We affirm.

The trial court set forth the facts of this case as follows:

> There is no dispute that Kyle Richmond was injured on August 19, 2006, while riding an inner tube down a waterslide at Wild River Water Park. Kyle was fifteen (15) at the time of the accident. In the complaint it was alleged that Kyle was riding an inner tube down a waterslide when he unexpectedly was turned around and was thrown out of the inner tube striking his face on the bottom of the slide. As a consequence, Kyle's upper two (2) front teeth were knocked out, he received a laceration to the deep tissues of his upper lip and other injuries all of which required surgical intervention and resulted in scarring and the permanent loss of the teeth.

Trial Court Opinion ("T.C.O."), 10/11/2013, at 2-3 (quotation marks and record citations omitted).

The Richmonds filed a writ of summons on August 8, 2008, and eventually filed a complaint on June 18, 2012, raising four counts of negligence against the collective defendants. On April 29, 2013, the parties deposed Kyle Richmond and Joshua Patt, the assistant general manager of Wild River Waterpark, Inc. Wild River Waterpark filed a motion for summary judgment on June 24, 2013, arguing that the "no-duty" rule for places of amusement applied, which would preclude the Richmonds from proving the duty or breach of duty elements in their negligence claims as a matter of law. After hearing oral argument on the motion for summary judgment, the

- 2 -

court granted summary judgment to Wild River Waterpark in its October 11, 2013 order and opinion. The Richmonds timely appealed.[1]

The Richmonds raise the following four questions for our review:

1. Did the [c]ourt below commit an error of law and/or abuse its discretion in granting [Wild River Waterpark's] motion for summary judgment by improperly applying the "no-duty" rule?

2. Did the [c]ourt below commit an error of law and/or abuse its discretion in finding that there was no genuine issue of material fact, by disregarding the critical, material facts that Kyle Richmond was supplied with the incorrect type of inner tube, instead of the open-bottomed tube that was required for safe operation of the water slide?

3. Did the [c]ourt below commit an error of law and/or abuse its discretion in granting [Wild River Waterpark's] motion for summary judgment when it failed to view the evidence in the light most favorable to the nonmoving party?

4. Did the [c]ourt below commit an error of law and/or abuse its discretion when the [c]ourt disregarded the importance of the contradictory oral testimony of Kyle Richmond and the representative of [Wild River Waterpark] regarding the inner tube at issue in this case?

Richmonds' Brief at 4.

Our standard of review of a trial court's order granting summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

_____

[1] The Richmonds timely filed a concise statement of errors and the trial court entered a supplemental opinion on December 10, 2013. *See* Pa.R.A.P. 1925(a), (b).

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) (case citations omitted).

[T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted). "There are four elements to a cause of action for negligence: a duty of care, a breach of that duty, a causal connection between the defendant's conduct and the resulting injury, and damages." *Zeidman v. Fisher*, 980 A.2d 637, 639 (Pa. Super. 2009).

In their first issue, the Richmonds argue that "[s]ummary judgment was improper because the [c]ourt below improperly applied the no-duty rule to the instant case because the injuries suffered by Kyle Richmond, as a result of being supplied with the incorrect inner tube[,] were not common,

frequent or expected parts of the water slide amusement ride." Richmonds' Brief at 7. We disagree.

The no-duty rule is a longstanding principle which applies to cases involving a place of amusement for which admission is charged.

> An operator of such an establishment is not an insurer of his patrons. Rather, he will be liable for injuries to his patrons only where he fails to use reasonable care in the construction, maintenance, and management of [the facility], having regard to the character of the exhibitions given and the customary conduct of patrons invited.

**Jones v. Three Rivers Mgmt. Corp.**, 394 A.2d 546, 549 (Pa. 1978) (citations omitted).

> The rule provides that a defendant owes no duty of care to warn, protect, or insure against risks which are "common, frequent and expected" and "inherent" in an activity. **Jones**, 394 A.2d at 551. If it is determined the no-duty rule is applicable to a negligence claim, a plaintiff will be unable to set forth a *prima facie* case of liability.

**Craig v. Amateur Softball Ass'n of Am.**, 951 A.2d 372, 375-76 (Pa. Super. 2008) (citation modified). "Only when the plaintiff introduces adequate evidence that the amusement facility in which he was injured deviated in some relevant respect from established custom will it be proper for an 'inherent-risk' case to go to the jury." **Id.** at 378.

Here, the Richmonds have failed to establish that coming off the inner tube and landing in the bottom of the slide are not risks that are "common, frequent and expected" and "inherent" in the activity of riding a waterslide. **Jones**, 394 A.2d at 551. They contend that Kyle's "fall, position of his landing and severity of his facial impact and injury were not inherent risks,

[and] therefore [were] not covered by the no-duty rule." Richmonds' Brief at 10. However, the severity of injury is irrelevant as to whether the no-duty rule applies. *See Craig*, 951 A.2d at 376 ("Appellant's argument confuses the concepts of risk and result. The risk at issue in this matter is being struck by an errant softball; the risk is not the injuries that resulted from being struck.").

Upon review of the record, we agree with the trial court that the Richmonds have failed to establish that coming off the inner tube is not a risk inherent in riding a waterslide. *See* Rule 1925(a) Opinion, 12/10/2013, at 4. In fact, the Richmonds conceded in their response to Wild River Waterpark's motion for summary judgment that, pursuant to the no-duty rule, "[t]he question is whether it is a common, frequent and expected part of riding a water slide to be flung forward into the slide." Richmonds' Memorandum of Law in Support of Plaintiff's Answer to Defendant's Motion for Summary Judgment ("Richmonds' Answer"), 7/19/2013, at 6. However, they have pointed to no evidence of record to settle this inquiry in their favor.

Thus, the trial court did not err in applying the no-duty rule to the instant case, and the Richmonds cannot state a *prima facie* claim against Wild River Waterpark. *Summers*, 997 A.2d at 1159; *Craig*, 951 A.2d at 376. The Richmonds' first issue does not merit relief.

In their second issue, the Richmonds argue that "the issue of which type of inner tube was supplied to Kyle Richmond is a genuine issue of

material fact in the instant case based on the oral testimony of a representative of [Wild River Waterpark]." Richmonds' Brief at 10. Specifically, they contend that, because Kyle Richmond stated that the inner tube he rode had a covered bottom, and Joshua Patt stated that the inner tubes supplied for the waterslide had open bottoms, "reasonable minds could differ as to the outcome of the instant case depending on the credibility of [the] witness[es]." *Id.* at 12-13. We disagree.

"If credibility is in issue, oral proof requires the jury's consideration and prevents the entering of a summary judgment. But if plaintiff fails to establish a *prima facie* case, the mere fact that his proof is oral does not provide a basis for placing the issue before a jury." ***Thompson Coal Co. v. Pike Coal Co.***, 412 A.2d 466, 474 (Pa. 1979).

Here, Joshua Patt, representative of Wild River Waterpark, stated that the tubes used on the waterslide "are specifically designed for water slides. They do have two handles, but they are open-bottom." Deposition of Joshua Patt, 4/29/2013, at 37.[2] The only evidence that Kyle rode in a tube with a bottom cover comes from his own deposition. ***See*** Deposition of Kyle Richards, 4/29/2013, at 13. The Richmonds have failed to support this contention with expert reports, an inspection of Wild River Waterpark, or any

_____

[2] Mr. Patt did not state that an inner tube with a bottom cover would be unsafe; he simply testified that the inner tubes provided for the waterslide on which Kyle Richmond was injured were open-bottom. ***See*** Deposition of Joshua Patt, at 35-39.

other proof that Kyle actually rode a covered-bottom tube or any tube not approved or suitable for use on the waterslide. Moreover, nowhere does the record show a causal connection (through expert testimony or otherwise) to establish that the type of inner tube supplied caused Kyle's injury. **See Zeidman**, 980 A.2d 637 at 639.

As previously discussed, the trial court properly concluded that the no-duty rule precluded the Richmonds from stating a *prima facie* claim of negligence against Wild River Waterpark. **Craig**, 951 A.2d at 375-76. Thus, Kyle Richmond's deposition testimony regarding the type of tube used on the waterslide "does not provide a basis for placing the issue before a jury." **Thompson**, 412 A.2d at 474. The Richmonds' second issue does not merit relief.

Third, the Richmonds contend that "under Pennsylvania law, in order to grant a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party." Richmonds' Brief at 13. Specifically, they argue that "summary judgment cannot be granted where a material fact could be supported by the acquisition of an expert report or ongoing discovery in the case," and that the court erred in granting summary judgment "because there was no expert report already available in the record of the instant case showing that the type of inner tube was a factual cause [of Kyle Richmond's] injuries." **Id.** at 13-14. We disagree.

Pennsylvania Rule of Civil Procedure 1035.2 provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1)     whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2)     if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

[O]ur responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder.  If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Harris v. NGK N. Am., Inc.*, 19 A.3d 1053, 1063 (Pa. Super. 2011).

Here, as previously established, the Richmonds acknowledged in their answer to Wild River Waterpark's motion for summary judgment that "[t]he question is whether it is a common, frequent and expected part of riding a water slide to be flung forward into the slide."  Answer at 6.  Absent any evidence that this was not a "common, frequent and expected part of riding a water slide," Wild River Waterpark was entitled to summary judgment pursuant to the no-duty rule for the Richmonds' failure to state a *prima facie* case.  *Craig*, 951 A.2d at 375-76; *see also Harris*, 19 A.3d at 1063.  At no point did the Richmonds state they had not completed discovery, nor did

they suggest that the court prevented them from supplementing the record. Thus, the trial court properly granted Wild River Waterpark's motion for summary judgment where the Richmonds "failed to produce evidence of facts essential to [their] cause of action." Pa.R.C.P. 1035.2(2).

Furthermore, viewing the evidence in the light most favorable to the Richmonds as the non-moving party, the Richmonds failed to establish the causal connection that the type of inner tube Kyle Richmond used contributed to his injury. **See** Deposition of Joshua Patt, at 35-39. A dispute over whether the inner tube had a covered bottom does not make it a material fact "essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. Rather, the Richmonds were required in the first instance to offer some evidentiary basis upon which a jury reasonably could conclude that an unsuitable inner tube existed in the park and caused Kyle Richmond to sustain his injuries. Accordingly, the trial court did not err in granting summary judgment to Wild River Waterpark. **See Summers**, 997 A.2d at 1159. This issue does not merit relief.

In the fourth issue, the Richmonds contend that "[u]nder the long-standing rule articulated in **Nanty-Glo** [**v. Am. Surety Co.**, 163 A. 523 (Pa. 1932)], a motion for summary judgment cannot be decided on oral testimony, specifically where said oral testimony creates a dispute of fact." Richmonds' Brief at 14. Specifically, the Richmonds argue that, because the depositions of Kyle Richmond and Wild River Waterpark representative

Joshua Patt differ with respect to whether the inner tube Richmond used had a covered bottom, "the issue must go before the jury to determine the credibility of the witnesses." *Id.* at 15. We disagree.

The ***Nanty-Glo*** rule provides that "oral testimony alone is generally insufficient to establish the absence of material fact necessary for the entry of summary judgment." ***Checchio v. Frankford Hosp.—Torresdale Div.***, 717 A.2d 1058, 1062 (Pa. Super. 1998).

> Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

***Dudley v. USX Corp.***, 606 A.2d 916, 920 (Pa. Super. 1992).

Here, as previously established, the Richmonds failed to establish that coming off an inner tube and landing in the slide is not a common, frequent and expected part of riding a waterslide. ***See Jones***, 394 A.2d at 551. As a result, the Richmonds could not establish a *prima facie* case for negligence pursuant to the no-duty rule. ***See Craig***, 951 A.2d at 375-76. Thus, we need not determine "whether there is any discrepancy as to any facts material to the case." ***Dudley***, 606 A.2d at 920. Accordingly, the trial court did not violate the ***Nanty-Glo*** rule or rely on oral testimony to establish the absence of a material fact. ***See Checchio***, 717 A.2d at 1062. The Richmonds' fourth issue does not merit relief.

Order affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/6/2014</u>