J-A33012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID W. FISHER AND SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| SCOTT A. EXLEY, BURSICH ASSOCIATES, INC., FRANK P. MURPHY AND MURPHY & DENGLER, | : : : : | |
| Appellees | : | No. 1170 EDA 2014 |

Appeal from the Order Entered March 20, 2014,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s):  2013-11954

BEFORE:  LAZARUS, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 16, 2015**

The Majority essentially holds that, because Defendants (Plaintiffs and their attorneys in the underlying action), survived a motion for summary judgment and a motion for nonsuit and the case was submitted to a jury, *ipso facto*, Defendants had probable cause to bring the underlying action.  I respectfully disagree.

Consider a routine intersection collision case.  Plaintiff testifies at his deposition that he entered the intersection on a green light.  Defendant testifies at his deposition that the light was red.  Defendant files a motion for

* Retired Senior Judge assigned to the Superior Court.

summary judgment. Obviously, the motion is denied since there is a factual question, even aside from the **Nanty-Glo**[1] problem.

Plaintiff's testimony at trial is the same as at his deposition - the light was green. Defendant moves for nonsuit. Again, it is denied, as there is a factual question.

Finally, at the end of all testimony, Defendant moves for a directed verdict. Once again, the motion is denied because there is a factual question.

Thus, Plaintiff has prevailed at all three of the above-mentioned stages. That does not mean Plaintiff had probable cause to bring the action. He might have been lying as to the color of the light, and Defendant should be given the opportunity to probe this issue.

---

[1] **Nanty-Glo v. American Surety Co.**, 163 A. 523 (1932).