553 A.2d 900

**PENN CENTER HOUSE, INC. Appellee,**

v.

**Sylvia Goldberg HOFFMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1988.

Decided Jan. 30, 1989.

Robert J. Sugarman, Philadelphia, for appellant.

Paul Ribner I.P.P., Philadelphia for amicus—ad hoc Animal Committee.

Craig E. Ziegler, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant, Sylvia Goldberg Hoffman (Hoffman), appeals from an order of the Superior Court affirming the lower court's order granting summary judgment in favor of appellee, Penn Center House, Inc. (Penn Center House), 368 Pa.Super. 650, 531 A.2d 40. The lower court found there was no genuine issue as to any material fact and held that Penn Center House was entitled to judgment as a matter of

law. The Superior Court agreed that based upon the pleadings, a deposition of Hoffman, and cross affidavits filed by Penn Center House and Hoffman, no genuine issue as to any material fact existed and affirmed the lower court's judgment. Upon review of the record in this case, we disagree and now reverse.

The appellee, Penn Center House, is a cooperative housing corporation in the City of Philadelphia. Appellant Hoffman is a shareholder and resident of Penn Center House. In August, 1985 Penn Center House filed a complaint in equity against Hoffman alleging that Hoffman was violating a written occupancy agreement and house rules by keeping a pet dog in her apartment. The complaint sought an injunction enjoining Hoffman from violating the alleged occupancy agreement and house rules and ordering her to remove her dog from the premises without delay.

Hoffman filed an answer to the complaint denying that her residency at Penn Center House was pursuant to a written occupancy agreement. Further, she averred that if there is a house rule pertaining to pets which she is allegedly violating, such rule was not duly enacted or promulgated and, in any event, it does not apply to her. She averred that she was not in violation of any rule or agreement applicable to her, and the alleged rule was unreasonable, illegal and unconstitutional. Additionally, Hoffman raised new matter alleging: (1) that she resided at Penn Center House for some time prior to the adoption of any rules or regulations; (2) that any rule or regulation purportedly passed during her residency was in direct contravention of an implied agreement between her and Penn Center House relating to the ownership and possession of pets; (3) that Penn Center House agreed to permit her to own and possess a pet; and (4) that the efforts to enforce a rule to bar her pet dog from the premises are patently discriminatory in that other residents are permitted to own and keep pets without interference from Penn Center House management.

Penn Center House replied to Hoffman's new matter by averring: (a) that the relevant rules and regulations were in effect long before Hoffman became a resident; (b) that Hoffman began her residency at Penn Center House with full knowledge of the rules and regulations applicable to residents; (c) that on or about March 1, 1983 Penn Center House learned that Hoffman was keeping a pet dog in her apartment; (d) that because of the dog's advanced age, she was permitted to keep that particular dog on the condition that it would not be replaced; (e) that Hoffman is now keeping a dog on the premises in violation of that express condition; (f) that Penn Center House is unaware of any other pets being kept by others; (g) that the house rules are enforced in a fair and non-discriminatory fashion; and (h) that the rules and regulations pertaining to pets are not vague, illegal or unconstitutional.

On April 28, 1986 the appellant Hoffman was called for a pre-trial deposition. She appeared before a court reporter, was sworn, and, among other things, testified that prior to receiving a letter from Penn Center House dated March 1, 1983,[1] she was unaware of any house rule pertaining to the

1. The letter of March 1, 1983, on the letterhead of "Total Real Estate Capability" and signed by Dolores Gunsburg, property manager, was as follows:

Dear Mrs. Hoffman:

It has come to the attention of the management that you have a dog in your apartment. This is in clear violation of your occupancy agreement and the rules of the Penn Center House.

Article 16 of the occupancy agreement, which you signed, states: "The Member covenants that he will preserve and promote the cooperative ownership principles on which the Corporation has been founded, abide by the Charter, By–Laws, rules and regulations of the Corporation and any amendments hereto, and by his acts of cooperation with its other members bring about for himself and his co-members a high standard in home and community conditions".

Rule 17—House Rules States:

"No bird or animal shall be kept or harbored in the building unless the same in each instance be expressly permitted in writing by the Corporation. In no event shall dogs be permitted on elevators or in any of the public portions of the building unless carried or on a leash".

Unless this violation is corrected, we will have no alternative but to turn the matter over to our attorneys for further action.

keeping of pets on the premises. She was asked and responded as follows:

Q. What, if anything, did you do after you received this letter:

A. Nothing.

Q. Did any representative of Penn Center House speak to you about the problems raised by this letter?

A. No.

Deposition testimony of Sylvia Goldberg Hoffman, p. 8 R.R. p. 36a.

Following the taking of Hoffman's deposition upon oral examination, Penn Center House filed a motion for summary judgment averring, inter alia, that there was no genuine issue as to any material fact. In support of its motion, a transcript of Hoffman's deposition testimony and the affidavit of Samuel Cohan were filed. In his affidavit, Samuel Cohan, after identifying himself as the current manager of Penn Center House and defining part of his responsibilities as enforcement of house rules, substantially restates that which was alleged in the complaint and in Penn Center House's reply to Hoffman's new matter. Appellant Hoffman filed a counter-affidavit which focused upon her allegations of discriminatory enforcement of house rules.

A motion for summary judgment is governed by Pa.R. Civ.P. Rule 1035 which, in pertinent part, provides:

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"The function of the summary judgment proceedings is to avoid a useless trial but is not, and cannot, be used to provide for trial by affidavits or trial by depositions." *Goodrich–Amram.* 2d § 1035.1, p. 423. "That trial by testimonial affidavit is prohibited 'cannot be emphasized too strongly'." *Curran v. Philadelphia Newspapers, Inc.,* 497 Pa. 163, 183, 439 A.2d 652, 662 (1981) citing *Goodrich–Amram* 2d § 1035(d): 1 at p. 455. In considering a motion for

summary judgment, the lower court must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. From this thorough examination the lower court will determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Goodrich–Amram,* supra., § 1035(b): 3, p. 432.

In determining the existence or non-existence of a genuine issue of a material fact, courts are bound to adhere to the rule of *Nanty–Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932) which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony.

> " 'However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the *evidence': Reel v. Elder,* 62 Pa. 308."

309 Pa. at 238, 163 A. at 524. The Nanty–Glo rule means that:

> "Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury."

*Goodrich–Amram,* 2d, supra, § 1035(b): 4 at pp. 434–35.

The appellant Hoffman argues that the lower court in entering summary judgment and the Superior Court in affirming that judgment ignored the long standing *Nanty–Glo Rule* that summary judgment cannot be granted mere-

ly upon testimonial affidavits. Hoffman also contends that the summary judgment granted here is improper in that it is contra to the requirement that there be no genuine issue of any material fact. We agree.

The summary judgment motion came before the lower court on the pleadings, cross affidavits, and the deposition testimony of Hoffman. The only documents presented were two letters from Penn Center House to Hoffman, each giving notice of an alleged violation of house rules. The letters dated March 1, 1983 [2] and January 25, 1985 [3] were Exhibits P–1 and P–2 to Hoffman's deposition testimony. A fair consideration of the pleadings, Hoffman's testimony and the cross affidavits reveals that there are genuine issues of fact that must be resolved by a hearing on the merits.

In the affidavit of Samuel Cohan he states: that the House Rule concerning pets was enacted in 1961; that the rule is not enforced arbitrarily, capriciously or discriminatorily; that in 1983 Penn Center House management learned that Hoffman and another resident were each keeping a dog on the premises; that both were notified of the violation and asked to correct same; that Penn Center House agreed to "grandfather" Hoffman's dog and the one other dog owned by another resident, and Hoffman and the other

**2.** See Note 1, supra.

**3.** The letter of January 25, 1985, on the letterhead of "Strouse Greenberg" and signed by Dolores Ginsberg, property manager, was as follows:

Dear Mrs. Hoffman:

Attached you will find a copy of a letter written to you on March 1, 1983. When you received this letter, you spoke to me and to Sam Cohan, who was then President of the Board of Directors. Because of the age of your dog, and your obvious attachment to the animal, we agreed to allow you to keep the dog. However, it was clearly understood that if anything happened to this dog, it would not be replaced.

We now find that you have a new dog.

As per Rule 17 of the House Rules described in a copy of letter attached, we must insist that the dog be removed from Penn Center House immediately and permanently.

Unless this violation is corrected we will turn this matter over to our attorneys for action.

resident agreed not to replace these dogs; that in early 1985, Penn Center House management learned that Hoffman's original "grandfathered" dog had died and she was keeping a new pet dog in her apartment; and that Penn Center House is not aware of any dogs kept in the building other than Hoffman's pet and the other "grandfathered" dog which was still living. These are substantially the same allegations that are set forth in Penn Center House's reply to new matter.

Hoffman, in her deposition testimony and in her affidavit does not deny that she replaced her original pet dog with a second pet after the first one died. She, however, denies that there was an agreement not to replace the original pet. In her deposition she denied ever discussing the pet question with any representative of Penn Center House.[4] Hoffman has maintained that prior to the letter of March 1, 1983 she was unaware of any alleged house rule concerning pets. She contends that if there is such a rule, it was not duly enacted nor duly promulgated and does not apply to her. Further, she alleges that Penn Center House impliedly agreed to her keeping a pet dog in her apartment, including the one she presently owns. To be sure, these assertions are denied by Penn Center House. Nonetheless, the testimonial denials furnished by Penn Center House coupled with the self-serving letters do not provide a sufficient basis for entry of summary judgment. Furthermore, Hoffman has consistently maintained that the members of the management of Penn Center House reside on the premises and condone the keeping of all types of pets by other residents. Penn Center House does not directly deny this allegation. Samuel Cohan's affidavit represents that management is not aware of any *dogs* other than Hoffman's and the other "grandfathered" dog being kept on the premises.[5] In its reply to new matter, Penn Center House does state that it is not aware of other residents who keep

4. See deposition testimony excerpt quoted, supra.
5. Paragraph 5 of the affidavit of Samuel Cohan, R.R. p. 412.

*pets* on the premises *in violation of house rules.*[6] This, however, is not a denial that pets are being allowed in other apartments in that it is not a violation of house rules to maintain a pet with the express written permission of Penn Center House.[7]

The record in this case shows that there are genuine issues of fact that should be heard and resolved in a trial. The order of the Superior Court is reversed and this case is remanded to the Court of Common Pleas of Philadelphia County for proceedings consistent with this opinion.

PAPADAKOS, J., files a dissenting opinion in which McDERMOTT and ZAPPALA, JJ., join.

PAPADAKOS, Justice, dissenting.

I respectfully dissent from the majority's reversal of the Superior Court order affirming the grant of summary judgment in favor of the Penn Center House, Inc., Appellee. Contrary to the majority's finding of genuine issues of fact that should be heard and resolved in a trial, my review of the entire record establishes no such issues as to any material fact relevant to the disposition of this case. A very simple issue is involved here—whether the trial court properly granted the Plaintiff/Appellee's motion for summary judgment based on the pleadings, deposition testimony, affidavits and submissions of the parties. Both the trial court and the Superior court found no genuine issue of material fact in dispute and I agree.

Pa.Rule of Civil Procedure 1035, which governs a motion for summary judgment, provides in relevant part that summary judgment:

... shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine

6. See paragraph 16 of Penn Center House's new matter R.R. p 152.
7. See note 1, Supra.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Pa.R.C.P. 1035(b). The rule further provides that:

> ... [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Pa.R.C.P. 1035(d).

The summary judgment was entered in this equity action based on a claim by Appellee, Penn Center House, that shareholder-tenant, Sylvia Goldberg Hoffman, was keeping a dog on the premises in violation of House Rule 17 which forbad occupants from keeping animals without the express written permission of the corporation. The record establishes that House Rule 17 was enacted by the Penn Center House Board of Directors on February 17, 1961 (affidavit of Samuel Cohan, manager of Penn Center House, R. 40a). Ms. Hoffman did not take up residence there until 1980.

The record establishes by Appellant's deposition testimony that she admitted under oath that she is currently keeping a dog in her apartment, that this is the second dog that she has kept in that apartment, that she received a letter dated March 1, 1983 informing her that the keeping of her first dog violated the house rules, that she acquired her current dog in 1984, one day after the first dog died and after she received the notification that keeping a dog violated the house rules, that she received a second notice dated January 24, 1985 informing her that the keeping of the second dog violated the house rules and that she ignored this notice.

These facts establish that Appellant is keeping a dog in violation of the house rules by her own admission. In my mind, this is a sufficient basis upon which to grant summa-

ry judgment. As the Superior Court pointed out in its opinion:

A prima facie showing by the parties seeking summary judgment, i.e., the production of enough evidence to demonstrate such parties' entitlement to a judgment if the evidence were uncontroverted at trial, shifts the burden of producing evidence to the party opposing the motion. In such circumstances summary judgment should be granted to the moving party unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue of material fact. *Community Medical Services, Inc. v. Local 2665*, 292 Pa.Super. 238, 437 A.2d 23 (1981). A non-moving party who does not properly oppose a motion for summary judgment with affidavits, depositions or the like, may not rely on the allegations of his pleadings to controvert facts presented by the moving party. *Richland Mall Corp. v. Kasco Construction Co*, [337] Pa.Super. [204], 486 A.2d 978 (1984); Pa.R.C.P. 1035(d).

(Memorandum opinion, J. 17020/87 at p. 3).

Appellant has failed to create a genuine issue of material fact in support of her allegation that the Penn Center Houses's no-pet rule is enforced in an arbitrary or discriminatory manner. She has failed to set forth any specific facts to support the allegation. Ms. Hoffman's affidavit states that she is aware of a number of residents who keep pets without interference from management and that it is her belief that management is aware that residents keep various pets. This is hardly specific or factual support as required by Pa.R.C.P. 1035(d), and fails to create an issue of material fact.

Since Appellant did not present specific facts sufficient to create a genuine issue for trial, summary judgment was properly granted to Appellee and I would affirm the decision of the Superior Court.

McDERMOTT and ZAPPALA, JJ., join this dissenting opinion.