## Golibart v. Reamer

*Samuel E. Teeter,* for plaintiff.
*Henry O. Heiser III,* for defendants.

KUHN, *J.,* August 31, 1990 — In opinions dated April 24, 1989, and November 1, 1989, we had an opportunity to examine plaintiff's complaint and

amended complaint in response to defendants' preliminary objections in the nature of a demurrer. The issue discussed in each opinion was plaintiff's capacity to sue. If plaintiff was a broker within the meaning of the Real Estate Licensing and Registration Act of 1980, 63 P.S. §455, 101-909, he was precluded from suing defendants, otherwise, he was not so barred. Based upon the pleadings, the opinion dated April 24, 1989, granted the demurrer while the opinion dated November 1, 1989, denied the demurrer.

Now plaintiff's capacity to sue is raised in the context of defendants' motion for summary judgment.

Summary judgment is available under Pa.R.C.P. 1035 when the pleadings, record documents, affidavits and depositions, considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Fender v. Hibbs,* 30 Adams L.J. 153 (1988). The moving party has the burden of proving that no genuine issue of fact exists. All doubts on that issue are to be resolved against the granting of the motion. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

Under the act,[1] if one acts in the capacity of a broker he may not recover compensation for such service unless licensed. The term "broker" is defined in section 201, in part, as:

"[A]ny person who, for another and for a fee, commission or other valuable consideration: (1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate; (2) negotiates the testing, sale,

---

1. Sections 301 and 302.

purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate."

Plaintiff admits he is not a licensed real estate broker in Pennsylvania. Instead, he contends that he was hired to find an investor who would join with defendants for the purpose of developing a parcel of land known as "the Mallow Tract." For this effort, he was to receive a $30,000 fee. The project, according to plaintiff, was to develop on the real estate 300 time-share condominium units. Plaintiff states that he believed defendants already owned the real estate, therefore, one would assume financing to purchase the real estate was not the issue. Plaintiff claims that he referred Alexander Ellioff to defendants. On October 23, 1988, defendants, Mr. Ellioff and others he brought to the project formed a general partnership for the stated purpose of obtaining and developing the Mallow Tract. Defendants, as equitable owners of the Mallow Tract, then assigned their interest in the real estate to the general partnership and the partnership, in turn, acquired fee simple title to the real estate. Plaintiff contends that he was owed his fee when the partnership acquired title to Mallow Tract and was then in a position to carry out its purpose of developing the real estate.

Whether one is a real estate broker under the act is a question of law to be decided by the court. *Alford v. Raschiatore*, 163 Pa. Super. 635, 642, 63 A.2d 366, 369 (1949). However, the fact-finder must first determine the facts. For purposes of this motion for summary judgment we take as fact all evidence favorable to plaintiff.

Plaintiff argues that because he was hired to find an investor for the development of real estate, i.e. a business venture separate and apart from ownership

of the real estate, he is not a broker. Plaintiff claims he was not hired to find a purchaser for the real estate although acquisition of title could occur. Plaintiff does not dispute whether he "negotiated" within the meaning of the act because the mere introduction of two willing parties comes within the purview of the act. *Alford v. Raschiatore, supra,* 163 Pa. Super. at 639, 63 A.2d at 367.

A contract to find a purchaser of a business is enforceable. In *Schoenfeld v. Meckes,* 166 Pa. Super. 101, 70 A.2d 377 (1950) plaintiff was hired by defendant to find a purchaser for his hardware business. The person procured by plaintiff not only purchased the business but also approximately one month later purchased the real estate upon which it was located. Defendant's attempt to invoke the protection of the act[2] was rejected by the court which viewed the purchase of the business and the purchase of the real estate as separate transactions. *Schoenfeld* was distinguished from *Burns v. Gartzman,* 139 Pa. Super. 453, 11 A.2d 708 (1939) where the plaintiff sought to recover a commission for procuring a purchaser for a bakery business and for the leases of the real estate in which the business was conducted. The procuring of the purchaser for the business and the lease was the same transaction and fell within the parameters of the act.

Plaintiff suggests he "brought the parties together" in this case, to invest in the development of the real estate and that the actual transfer of the title, as in *Schoenfeld,* to the partnership was a detail not negotiated by him but by the investors and defendants. Stated differently, plaintiff argues that entitlement to his finder's fee did not hinge upon the

---

2. Actually the 1929 version of the Real Estate Brokers License Act.

sale of the real estate but upon introduction of investors willing to develop the land.

With some reluctance we will deny the motion for summary judgment. We have some difficulty picturing a development scheme without acquisition of an interest in the real estate. Nevertheless, we will grant plaintiff his day in court.

This court is aware of *Harrison v. Soffer*, 221 Pa. Super. 275, 289 A.2d 752 (1972), wherein plaintiffs were hired "to interest an investor, that will invest with me in my project on Miami Beach, the sum of $12,000,000 or $15,000,000 . . . for an interest in the project . . . as may be mutually agreed upon. . ." for which a fee of two and one-third percent of the amount invested would be paid. There, one Harrison and Griswold held an option on Florida real estate but they needed additional funds for development. The court held that the act precluded recovery of a fee without specifically stating how the transaction fit within the act. Therefore, at this state of the proceeding we decline to utilize *Harrison* in resolving the issue of capacity to sue.

Accordingly, we enter the attached

## ORDER OF COURT

And now, August 31, 1990, defendants' motion for summary judgment is denied.