## Provenzo v. Conard

C.P of Westmoreland County, no. 1529 of 1994.

*James R. Antoniono,* for plaintiffs Provenzo, Lippman, Krause, and Strejcek.
*Philip H. Rubenstein,* for defendant Conard.
*Alan T. Silko,* for defendant King's.
*Robert I. Johnston,* for defendants King's and Zattola.

LOUGHRAN, *J.,* February 13, 1995—The events giving rise to this action stem from a series of events which took place at a King's Family Restaurant located

in New Kensington, Pa. The plaintiffs herein, Kathleen A. Provenzo, Patricia Lippman, Carol A. Krause, and Carol A. Strejcek, were employed as waitresses at the New Kensington King's, and were under the direct supervision of defendants, Jeffrey R. Conard and Raymond Zattola at the time of the events described in plaintiffs' complaint. While employed by King's Family Restaurant, plaintiffs maintain that defendants Conard and Zattola intercepted and recorded their private conversations without their knowledge or consent in violation of 18 Pa.C.S. §5725, known as the Wiretapping Act. Plaintiffs further contend that the actions of defendants Conard, Zattola, and King's Country Shoppes Inc., d/b/a King's Family Restaurants were "intentional, unlawful and reckless."

As the result of the violation of their privacy by the defendants, plaintiffs have suffered psychological and physical injuries. Plaintiffs have thus brought the instant action seeking to recover for these injuries and for those damages specifically provided for by the Wiretapping Act. Defendants Zattola and King's have now moved for summary judgment on the basis that plaintiffs' claims are barred by virtue of the exclusivity provision of the Pennsylvania Workmen's Compensation Statute.

It is well settled law that in order to successfully pursue a motion for summary judgment, the moving party has the burden of proving to the court that there is no genuine issue of material fact. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989); *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979).

The relevant section of Rule 1035 of the Pennsylvania Rules of Civil Procedure provides:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and ad-

missions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A motion for summary judgment may be granted only in the "clearest of cases" where the record indicates the moving party is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 322 (1986).

Furthermore, the court must examine the record in the light most favorable to the party opposing the motion. *Penn Center House Inc. v. Hoffman, supra.*

Defendants argue that the plaintiffs' claims are completely barred by the exclusivity provision of the Pennsylvania Workmen's Compensation Act. 77 Pa.C.S. §481(a) which provides in part:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, defendants, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(e)(1) and (2) or occupational disease as defined in section 108."

While being mindful that the Pennsylvania Supreme Court has held in *Barber v. Pittsburgh Corning Corp.,* 521 Pa. 29, 555 A.2d 766 (1989) that injuries to workers are exclusively within the Compensation Act even when there is intentional misconduct of the employer, it is the opinion of this court, that a separate and distinct cause of action was created by the legislature under the circumstances here present that is not barred by the Workmen's Compensation Act even when those acts occur during the employment of a claimant.

Specifically, 18 Pa.C.S. §5725 provides in relevant part as follows:

"(a) Cause of action—Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person;

"(1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.

"(2) Punitive damages.

"(3) A reasonable attorney's fees and other litigation costs reasonably incurred.

"(b) section (b) of the Wiretapping Statute goes even further to provide that even the Commonwealth, its officers, officials and employees are not shielded from liability for violation of this statute by virtue of sovereign immunity, thus reinforcing the apparent intent of the legislature that *'any person'* shall have a right of action under this chapter."

The Wiretapping Statute does not contain any language excluding employers from its provision. In the opinion of this court, the change of the term "accident" to "injury" in the Workmen's Compensation Act does not exclude employers from the Wiretapping Act. This is especially so as the legislature even waived sovereign immunity for violations which shows an intent to include all persons.

The Wiretapping Act creates an independent action in favor of the plaintiffs even when that conduct arises in the workplace. The plain meaning of the Wiretapping

Statute clearly intends that all persons in violation thereof are subject to liability.

As such, plaintiffs, Provenzo, Lippman, Krause and Strejcek have a statutory right to bring this action pursuant to the terms of 18 Pa.C.S. §5725 and said right is not barred or limited in any way by the exclusivity provision of the Workmen's Compensation Statute. Acceptance of defendants' arguments to the contrary would give employers carte blanche ability to audiotape their employees' conversations with impunity, a result which is clearly contrary to the intent of the Wiretapping Statute.

Accordingly, defendants' motion for summary judgment will be denied.

### ORDER

And now, to wit, February 13, 1995, after review and consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendants' motion for summary judgment is hereby denied.