**Troup v. Robinson**

C.P. of Westmoreland County, no. 1432 of 1996.

*Joseph M. DiGiorgio,* for plaintiff.
*Scott D. Glassmith,* for defendant.

LOUGHRAN, *J.,* March 10, 1997—The instant litigation arises out of a motor vehicle accident which occurred on June 23, 1993 at approximately 6:45 a.m. on Route 22 near Blairsville, Pennsylvania.

The husband-plaintiff claims, by way of complaint, injuries to his right knee, in addition to thoracic and cervical strains. Paragraph 1 of the plaintiffs' complaint admits that they carry automobile liability insurance with the "limited tort" option in accordance with the Pennsylvania Financial Responsibility Law. However, the complaint further states that the injuries of the husband-plaintiff were of a serious nature and that he was thus entitled to make a claim for both economic and noneconomic damages.

The defendant has moved for summary judgment contending that the plaintiff has not sustained a serious injury and is thus barred from proceeding with this action because of the limited tort option.

Under section 1705(d) of the Pennsylvania Motor Vehicle Financial Responsibility Law, an individual who opts for the limited tort alternative is only entitled to recover noneconomic damages when the injury sustained is a serious one. 75 Pa.C.S. §1705(d). A "serious injury" is defined as a "personal injury resulting in death, serious impairment of bodily function, or permanent serious disfigurement." 75 Pa.C.S. §1702.

In order to determine whether a bodily impairment is serious, the Pennsylvania courts have relied on the leading Michigan case, *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986). The factors to be utilized are "the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, [and] the treatment required to correct the impairment." *Murray v. McCann,* 442 Pa. Super. 30, 36, 658 A.2d 404, 407 (1995), citing *DiFranco,* 398 N.W.2d at 914-15. In addition, any other relevant factors may be considered.

The party who moves for summary judgment has the burden of proving that there are no genuine issues of material fact. The motion should only be granted in the clearest of cases, all doubts should be resolved against granting the motion, and the court is required to examine the entire record in the light most favorable to the non-moving party and to draw all reasonable inferences from the record in favor of the party opposing the motion. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

Here, in the context of summary judgment, the court must determine:

"(1) Whether the plaintiff as moving party has established that he or she has suffered serious impairment of a body function;

"(2) Whether the defense as moving party has established that plaintiff has not suffered serious impairment of a body function; or

"(3) Whether there remains a genuine issue of material fact for the jury to decide."

The defendant contends that any injury which plaintiff now has is caused by a second accident in which he was involved in on October 31, 1993.

Mr. Troup has treated with Dr. Gary Stover since two days after the June 23, 1993 accident and continues to treat with him at present. Attached to the response to motion for summary judgment are two reports written by Dr. Stover on July 19, 1996, which were provided to defendant as amendments to plaintiffs' answers to interrogatories. In these reports, Dr. Stover documents the injuries sustained by Mr. Troup and the impairments caused by them.

Dr. Stover states that James Troup "sustained injuries to the connective tissues in his cervical spine. These injuries are of a permanent nature causing a laxity to the ligamentous tissues of his cervical spine." Dr. Stover Radiographic Biomechanic report, p. 2. It is Dr. Stover's opinion that the June 23, 1993 accident produced a fibrotic scarring that was further damaged in the second accident on October 31, 1993. *Id.*

Dr. Stover states that the injuries from Mr. Troup's accidents have left his body with certain functional impairments. Dr. Stover narrative report, p. 1. Mr. Troup's cervical radiograph findings led Dr. Stover to diagnose him with a "permanent whole person impairment with resultant loss of bodily function." Narrative report, p. 3.

Dr. Stover reached his conclusions through the application of and adherence to the protocol and criteria of the A.M.A. "Guidelines to the Evaluation of Permanent Impairment," Fourth Edition, 1994, Chicago. He notes that Mr. Troup has failed to reach complete restoration of his spinal injuries and that his injuries are permanent in nature. He further opines that Mr.

Troup will be plagued with permanent losses to bodily functions. Narrative report, p. 8.

Dr. Stover states that Mr. Troup's performance of activities of daily living cause his signs and symptoms. The pain he experiences is intense and causes impairment of his activities. Narrative report, p. 8. In Mr. Troup's deposition, he testified that, as of October of 1996, his neck still caused him pain while at work as well as while working around the house. Although he does continue to do these things, he does so because he has a family to support which depends on him to do these activities. Deposition, pp. 38 through 40. Mr. Troup further testified that the pain caused by performing these activities is such that he requires medical treatment and chiropractic manipulations every couple of weeks to continue to function. Deposition, p. 40. At present, over three years have passed since the initial accident, and Mr. Troup's problems still persist.

The Superior Court in *Murray v. McCann, supra,* held that it was very possible to have instances where pain is significant enough to seriously interfere with bodily functioning even where only soft tissue injuries have been sustained.

In the opinion of this court, the evidence put forth in the plaintiffs' cause at least creates a genuine issue of material fact for the jury to decide thereby compelling this court to deny defendant's motion for summary judgment.

## ORDER

And now, to wit, March 10, 1997, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant's motion for summary judgment is hereby denied.