## Colbert v. Boazzo

C.P. of Lawrence County, no. 11224 of 1997, C.A.

*Vincent A. DeFalice,* for plaintiffs.
*Richard J. Trankocy Jr.,* for defendant.

PRATT, *J.,* March 22, 2000—The parties, by stipulation, have called upon the court to determine, using plain-

tiffs' instant motion for summary judgment, whether the applicable statute of limitations was tolled prior to plaintiffs initiating their cause of action in this case.

Plaintiffs' claim, arising from an automobile accident, was commenced by a praecipe for writ of summons filed on December 18, 1997. A complaint, seeking money damages, was then filed by plaintiffs on February 3, 1998, in response to which the defendant filed an answer and new matter, raising the affirmative defense that plaintiffs' cause of action was barred by the applicable two-year statute of limitations.

On March 16, 1998, plaintiffs filed a "reply to new matter and new matter/counterclaim," in which they aver, under principles of equitable estoppel, that the defendant should be barred from raising the statute of limitations as a defense. Plaintiffs argue that, because of representations made by the defendant's claims adjustor, Tammy Fasano, plaintiffs' counsel, Attorney Lawrence M. Kelly, was led to believe that the statute of limitations would be tolled to allow time for plaintiff Shirley Colbert to undergo an independent medical examination, and that the defendant's insurance carrier would tender the policy limits if the IME favored plaintiffs' claim. As a result, plaintiffs contend defendant should be precluded from raising the statute of limitations as an affirmative defense.

The deposition of Tammy Fasano was taken on behalf of the defendant and, on July 30, 1998, the defendant filed a motion for summary judgment based on the statute of limitations defense. An affidavit by plaintiffs' attorney, Lawrence M. Kelly, was then filed on August 18, 1998. This court ordered oral arguments and briefs by both parties on the defendant's motion for summary

judgment. Having considered the arguments and briefs, the court determined that genuine issues of material fact did indeed exist as to the statute of limitations defense and, accordingly, the court denied the defendant's motion for summary judgment.

Currently before the court is the plaintiffs' motion for summary judgment, requesting the court to rule, as a matter of law, that defendant is estopped from raising the statute of limitations as a defense in this case.

During oral arguments, the parties agreed to waive the holding in *Nanty-Glo Boro. v. American Surety Co. of New York,* 309 Pa. 236, 163 A. 523 (1932). In *Nanty-Glo,* the Pennsylvania Supreme Court held that summary judgment cannot be granted merely upon testimonial affidavits, even if such testimony is uncontradicted, because of the credibility issue. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 175, 553 A.2d 900, 903 (1989). The *Nanty-Glo* rule applies to the oral testimony in this action—specifically, the deposition of Tammy Fasano, defendant's claims adjustor, and the affidavit of Attorney Lawrence M. Kelly—which is the basis upon which this court is asked to dispose of plaintiffs' motion for summary judgment. By waiving the rule of *Nanty-Glo,* the parties agree that the court, rather than a jury, will decide on the credibility of the oral testimony presented in this case and thereby decide the plaintiffs' motion for summary judgment.

Based on the deposition of Ms. Fasano and the affidavit of Mr. Kelly, the court finds that Mr. Kelly, acting on behalf of the plaintiffs, had reason to rely on Tammy Fasano's representations during their August 1997 telephone conversation, regarding the significance of the IME and its effect on when Mr. Kelly would file plain-

tiffs' lawsuit. In other words, the court finds that Mr. Kelly reasonably believed that there was an understanding between him and the defendant's claims adjustor that the statute of limitations would be tolled until the IME report had been received.

In the case of *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964), our Supreme Court held that "[i]n order for the doctrine of estoppel to be applied in bar of the statute of limitations, fraud or concealment must necessarily be established. However, this does not mean fraud in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception." *Id.* at 96, 204 A.2d at 476. It was also noted in *Nesbitt* that the party seeking to invoke the doctrine of estoppel bears the burden of producing clear, precise and convincing evidence of such fraud or concealment. *Id.* at 92-93, 204 A.2d at 475 and authorities therein cited.

In the instant case, the deposition testimony of Ms. Fasano revealed that she explained to Mr. Kelly, during a telephone conversation which took place in early August 1997, that, based on the results of the IME, the parties would try to settle before the statute of limitations expired. (Dep. transcript, May 20, 1998, pp. 14, 15.) Ms. Fasano further testified that, after she had explained to Mr. Kelly that the insurance company would try to resolve matters before the statute expired, Mr. Kelly then stated to her that "he would hold off, then, on filing for the statute, to toll the statute." (D.P., p. 14.) Ms. Fasano also testified in her deposition that she was aware of the date of the accident, the two-year applicable statute of limitations, and when the statute would have expired if it began running from the date of the accident. (D.P., p.

15.) In addition, Ms. Fasano testified that she did receive Mr. Kelly's August 12, 1997 letter confirming their earlier conversation. (D.P., p. 23.) In his August 12, 1997 letter, Mr. Kelly stated that he "would not immediately file suit in this action."

In regard to the IME report, Ms. Fasano's deposition testimony revealed that she received the full report on August 29, 1997, but that it was not sent to Mr. Kelly at that time because her company was short staffed and she had to attend to more important matters at the time. (D.P., p. 16.) Furthermore, Ms. Fasano agreed that the report was not sent to plaintiffs' representative until February 10, 1998. (D.P., p. 23.) She also stated that delay was due to "simple forgetfulness." (D.P., p. 23.)

Mr. Kelly, as representative of the plaintiffs, indicated, in part, in his affidavit, that, based on Ms. Fasano's assurances made during the early August 1997 phone conversation, he did not file suit in August 1997 as he otherwise would have.

Defendant cites case law, holding that a mere offer to settle will not toll the statute of limitations. This holding, however, is not on point. Plaintiffs do not contend that the statute should be tolled because an offer to settle was on the table. Rather, plaintiffs assert that the defendant made representations, through the defendant's insurance carrier's claims adjustor, that amounted to an agreement that, if a lawsuit on behalf of the plaintiffs would be filed at all, it would not be until after the IME report had been received, thus leading counsel for plaintiffs to believe that the statute of limitations would be tolled or suspended pending receipt of the IME report.

Parenthetically, although the court finds that the evidence in this case clearly and convincingly establishes

unintentional deception on the part of defendant's claims adjustor, and that Mr. Kelly justifiably relied on Ms. Fasano's understanding of the effects of the statute of limitations and was understandably misled by her statements so as to believe that the statute of limitations was tolled or suspended, Mr. Kelly's actions must be called to task.

Mr. Kelly had a responsibility to vigilantly and zealously guard his clients' rights. In preserving a client's rights, nothing is procedurally more crucial than meeting the applicable statute of limitations. Settlement may be reached after a timely claim is filed just as well as it may be reached before the claim is filed. In this case, when Mr. Kelly contacted Ms. Fasano with the understanding that the statute would be tolled, it was approximately one year and nine months after the accident. Although Mr. Kelly's reliance on Ms. Fasano's knowledge and understanding of the statute of limitations and its effects on a claimant's rights, as well as her representation and what Mr. Kelly may have considered to be a tacit agreement, were not unreasonable, he nevertheless had a responsibility to keep a close eye on the clock, and should have vigorously pursued the IME report or the filing of the lawsuit.

Notwithstanding, the court finds that Ms. Fasano had a similar but greater responsibility to contact plaintiffs' counsel in a timely fashion with regard to the disposition of the IME report. Ms. Fasano's delay in timely providing Mr. Kelly the IME report was unreasonable, whether the delay was intentional or unintentional, and this amounted to, at least, a sufficient unintentional deception to invoke the doctrine of estoppel regarding the statute of limitations.

Based on the foregoing, the court must find, as a matter of law, that the statute of limitations in this case was equitably tolled prior to its expiration and, therefore, the defendant must be estopped from further raising the statute of limitations as a defense in this case. Hence, plaintiffs' motion for summary judgment shall be granted regarding this issue by appropriate order.

## ORDER

Pursuant to the attached opinion, the plaintiffs' motion for summary judgment is granted, and the court finds, as a matter of law, that the applicable two-year statute of limitations was tolled before its expiration by defendant's agent's conduct and, therefore, plaintiffs' filing of their praecipe for writ of summons was timely. Consequently, defendant is precluded from raising the statute of limitations as an affirmative defense.