**205.2. Filing Legal Papers with the Prothonotary**

No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b).

> Note: Rule 239.1(a) authorizes each court of common pleas to impose requirements governing the physical characteristics of pleadings and other legal papers. Rule 239.1(a) requires each court which has imposed requirements to promulgate a local rule, numbered Local Rule 205.2(a), listing the requirements.
>
> Similarly, Rule 239.1(b) also authorizes each court to require pleadings and other legal papers to be accompanied by a cover sheet. Rule 239.1(b) requires each court which has imposed the requirement to promulgate a local rule, numbered Local Rule 205.2(b), stating the requirement and setting forth the form of the cover sheet.
>
> **[Any local rule which has been promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

**Rule 205.5.  Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)     actions pursuant to the Protection from Abuse Act, Rules 1901 **[et seq]** *et seq*.

(ii)    actions for support, Rules 1910.1 **[et seq]** *et seq*.

(iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 **[et seq]** *et seq*.

(iv)    actions for divorce or annulment of marriage, Rules 1920.1 **[et seq]** *et seq*.

1

(v)     actions in domestic relations generally, including paternity actions, Rules 1930.1 **[et seq]** _et seq_.

(vi)     voluntary mediation in custody actions, Rules 1940.1 **[et seq]** _et seq_.

(2)     At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

> Note: When a defendant in an action before a magisterial district court appeals the decision to the court of common pleas, the plaintiff in the action before the magisterial district court shall complete the cover sheet when filing the complaint with the prothonotary.

(b)     The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)     The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)     A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

> Note:  Pa.R.C.P. No. 205.4 provides for electronic filing and service of legal papers. Rule 205.4(h) permits a judicial district which has implemented an electronic filing system to be exempt from the requirements of this rule provided that the information to be gathered by the cover sheet can be captured and transmitted to the Administrative Office of Pennsylvania Courts by the electronic filing system.
>
> Pa.R.C.P. No. 239.9 provides for the promulgation of a local rule, numbered Local Rule 205.4, governing procedures for electronic filing specific to a judicial district.

(e)     The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest

version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

> Note: Cover sheets developed by a judicial district may be used in addition to the cover sheet required by this rule. See Rule 239.1, which requires a court that uses local cover sheets to promulgate a local rule, numbered Local Rule 205.2(b), setting forth the form of cover sheet**[, and Rule 239.8 for the requirements for adopting Local Rule 205.2(b)]**.

**206.1. Petition.  Definition.  Content.  Form**

(a)    As used in this chapter, ''petition'' means

(1)    an application to strike and/or open a default judgment or a judgment of non pros, and

(2)    any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 [et seq] *et seq*.

> Note: A petition for relief from a judgment by confession is governed by Rule 2959.

> Motions are governed by Rule 208.1 **[et seq]** *et seq*.

> Rule 206.1(a)(2) authorizes each court of common pleas to designate applications which are to proceed in the manner of a petition under Rule 206.1 **[et seq]** *et seq*. Rule 239.2(a) requires each court which has made that designation to promulgate a local rule, numbered Local Rule 206.1(a), listing the applications to be determined pursuant to Rule 206.1 **[et seq]** *et seq*. **[Any local rule which has been promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

(b)    A petition shall specify the relief sought and state the material facts which constitute the grounds therefor. All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition.

3

(c)    A petition shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation.

> Note:  Petitions are subject to Rule 440 governing service of legal papers other than original process, Rule 1023.1 governing the signing of documents, and Rule 1025 governing the endorsement of legal papers. Any requirements of a court relating to the format of a petition and cover sheet must be set forth in local rules numbered Local Rule 205.2(a) and Local Rule 205.2(b).

**Rule 206.4.   Rule to Show Cause.   Alternative Procedures.   Exception**

(a)(1)  Except as provided by subparagraph (2), a petition shall proceed upon a rule to show cause, the issuance of which shall be discretionary with the court as provided by Rule 206.5 unless the court by local rule adopts the procedure of Rule 206.6 providing for issuance as of course.

> Note:  See Rule 440 requiring service of the petition upon every other party to the action.

(2)    A judgment shall be stricken without the issuance of a rule to show cause when there is a defect on the face of the record that constitutes a ground for striking a default judgment.

(b)    The procedure following issuance of the rule to show cause shall be in accordance with Rule 206.7.

> Note: Subdivisions (b) through (e) of Rule 239.2 require every court to promulgate Local Rule 206.4(c) describing the court's procedures for the issuance of a rule to show cause. **[Local Rule 206.4(c) shall be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

**Rule 208.2.  Motion.  Form.  Content**

(a)     A motion shall

(1)     contain a caption setting forth the name of the court, the number of the action, the name of the motion, and the name of the moving party,

(2)     be divided into paragraphs numbered consecutively,

(3)     set forth material facts constituting grounds for the relief sought, specify the relief sought and include a proposed order,

(4)     include a certificate of service which sets forth the manner of service including the name of an attorney of record for each party that is represented by counsel, the party whom the attorney represents, a "pro se" designation for each party that is unrepresented, and the address at which service was made, and

(5)     be signed and endorsed.

Note: Motions are subject to Rule 440 governing service of legal papers other than original process, Rule 1023.1 governing the signing of documents, and Rule 1025 governing the endorsement of legal papers. Any requirements of a court relating to the format of a motion and cover sheet must be set forth in local rules numbered Local Rule 205.2(a) and Local Rule 205.2(b).

(b)     A motion need not be verified unless verification is required by general rule governing the particular motion or by order of court.

Note: Rule 239.3(a) authorizes a court to require that a motion include a brief statement of the applicable authority. Rule 239.3(a) requires each court which has imposed this requirement to promulgate a local rule, numbered Local Rule 208.2(c), stating the requirement.

Rule 239.3(b) also authorizes each court to provide a certification requirement for a motion as uncontested. Rule 239.3(b) requires each court which has imposed this requirement to

promulgate a local rule, numbered Local Rule 208.2(d), stating the requirement.

Similarly, Rule 239.3(c) authorizes each court of common pleas to require the moving party in any motion relating to discovery to certify that counsel has conferred or attempted to confer with all interested parties in order to resolve the matter without court action. Rule 239.3(c) requires each court which has imposed this requirement to promulgate a local rule, numbered Local Rule 208.2(e), stating the requirement.

**[Any local rule which has been promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

## Rule 208.3. Alternative Procedures

(a) Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written responses or briefs. For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument.

Note: Rule 208.3(a) does not prevent a court from denying the moving party's request for relief without the opportunity for an argument where the motion is procedurally defective, is untimely filed or fails to set forth adequate grounds for relief.

Parties may choose to submit responses and briefs at the time of the presentation, provided that copies have been served on every other party. However, parties are not required to do so.

Rule 239.3(d) requires every court to promulgate Local Rule 208.3(a) describing the local court procedure governing motions under this rule. **[Local Rule 208.3(a) shall be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

6

(b)     A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both.  Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.

> Note: Motions are governed by the procedure in subdivision (a) unless the court by local rule designates particular types of motions to be governed by the procedure in subdivision (b).
>
> The twenty-day response period may be extended or reduced by special order of court. A local rule may only extend the time period.
>
> A response shall be filed by any party opposing a motion governed by subdivision (b) even if there are no contested issues of fact because the response is the opposing party's method of indicating its opposition.
>
> Rule 208.3(b) authorizes each court of common pleas to impose requirements of responses and briefs with respect to designated motions. Rule 239.3(e) requires each court which has imposed such requirements to promulgate a local rule, numbered Local Rule 208.3(b), listing the motions and the requirements.
>
> Rule 239.3(e) also provides that Local Rule 208.3(b) must describe the local court procedure governing motions under subdivision (b) and may allow the court to treat the motion as uncontested if a response is not filed.
>
> **[Any local rule promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

**Rule 210.     Form of Briefs**

Briefs shall be typewritten, printed, or otherwise duplicated, and endorsed with the name of the case, the court and number and the name, address and telephone number of the attorney or the party if not represented by an attorney.

> Note:     Rule 239.4 authorizes each court of common pleas to impose additional requirements governing the form and content of a brief. Rule 239.4 requires each court which has imposed such requirements to promulgate a local rule, numbered Local Rule 210, listing the requirements. **[Any local rule which has been promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

**Rule 239. Local Rules.**

**The requirements for the promulgation and amendment of local rules of civil procedure are set forth in Pennsylvania Rule of Judicial Administration 103(d).**

> **Note: Effective August 1, 2016, Pennsylvania Rule of Judicial Administration 103 was amended to consolidate and include all local rulemaking requirements.     Accordingly, the requirements under Rule 239 for the promulgation and amendment of local rules of civil procedure were rescinded and replaced.     All local rules previously promulgated in accordance with the requirements of this rule prior to rescission remain effective upon compilation and publication pursuant to Pa.R.J.A. No. 103(d)(7).**

**[(a)     For the purpose of this rule, the term ''local rule'' shall include every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted and enforced by a court of common pleas to govern civil practice and procedure.**

**Note: The caption or other words used as a label or designation shall not determine whether something is or establishes a local rule; if the definition in subdivision (a) of this rule is satisfied the matter is a local rule regardless of what it may be called. The provisions of this rule are also intended to apply to any amendments to a "local rule."**

**(b)(1) Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.**

**Note: The policy of the Supreme Court as declared in the Order promulgating this rule is "to implement the unified judicial system under the Constitution of 1968, to facilitate the statewide practice of law under this Court's general rules, and to promote the further policy that a general rule of civil procedure normally preempts the subject covered." In accordance with the Court's policy, it is intended that local rules should not repeat general rules or statutory provisions verbatim or substantially verbatim nor should local rules make it difficult for attorneys to practice law in several counties.**

**(2) Except as otherwise provided by Rule 239.8, local rules which implement general rules shall be given numbers that are keyed to the numbers of the general rules to which the local rules correspond.**

**(c) Except as otherwise provided by Rule 239.8, to be effective and enforceable:**

**(1) A local rule shall be in writing.**

**(2) One certified copy of the local rule shall be filed by the court promulgating the rule with the Administrative Office of Pennsylvania Courts.**

**(3) Two certified copies of the local rule and a computer diskette containing the text of the local rule shall be distributed by the court promulgating the rule to the Legislative Reference Bureau for publication in the Pennsylvania Bulletin.**

9

Note: The diskette must (1) be formatted in one of the following formats: MS-DOS, ASCII, Microsoft Word, or WordPerfect, (2) contain the local rule text as reflected in the "hard copy" version of the rule, and (3) be labeled with court's name and address and computer file name. See 1 Pa. Code § 13.11(b).

(4) One certified copy of the local rule shall be filed by the court promulgating the rule with the Civil Procedural Rules Committee, unless the rule relates to domestic relations matters, in which case it shall be filed with the Domestic Relations Procedural Rules Committee.

(5) The local rule shall be kept continuously available for public inspection and copying in the office of the prothonotary or clerk of court. Upon request and payment of reasonable costs of reproduction and mailing, the prothonotary or clerk shall furnish to any person a copy of any local rule.

Note: It is contemplated under subdivision (c)(5) that a separate consolidated set of local rules shall be maintained in the prothonotary's or clerk's office.

The Administrative Office of the Pennsylvania Courts maintains a webpage containing the texts of local rules. That webpage is located at: http://www.pacourts.us/T/SpecialCourts/LocalRules.htm

(6) A local rule promulgated before the effective date of this rule shall be filed on or before that effective date with the prothonotary or clerk of court and shall be kept by the prothonotary or clerk for inspection, copying, and furnishing as provided in subdivision (c)(5).

(d) Except as otherwise provided by Rule 239.8, a local rule shall become effective not less than thirty days after the date of publication of the rule in the Pennsylvania Bulletin.

**Note: Although under subdivision (d) a local rule shall not be effective until at least thirty days after the date of publication in the Pennsylvania Bulletin, when a situation arises that requires immediate action, the local court may act by specific orders governing particular cases in the interim before an applicable local rule becomes effective.**

(e)    **The Civil Procedural Rules Committee may at any time recommend that the Supreme Court suspend, vacate, or require amendment of a local rule and may suspend that local rule pending action by the Court on that recommendation.**

(f)    **No civil action or proceeding shall be dismissed for failure to comply with a local rule.**

**Note: See Rule of Judicial Administration 1952 governing the duties and authorities of the trial court in emergency actions. Rule 1952(B)(5) suspends the provisions of this rule during an emergency.]**

**Rule 239.8. Local Rules. Promulgation. Publication. Effective Date.**

The requirements for the promulgation and amendment of local rules of civil procedure are set forth in Pennsylvania Rule of Judicial Administration 103(d).

Note: Effective August 1, 2016, Pennsylvania Rule of Judicial Administration 103 was amended to consolidate and include all local rulemaking requirements. Accordingly, the requirements under Rule 239.8 for the promulgation and amendment of local rules of civil procedure were rescinded and replaced. All local rules previously promulgated in accordance with the requirements of this rule prior to rescission remain effective upon compilation and publication pursuant to Pa.R.J.A. No. 103(d)(7).

[(a)     Local rules required by Rules 239.2, 239.3, 239.5, 239.6 and 239.7 shall be promulgated not later than nine months following the date of the Order of the Supreme Court promulgating this rule.

> Note: The date of the Order promulgating Rule 239.8 was October 24, 2003.
>
> Local requirements under Rules 239.1 through 239.7 are not effective and enforceable unless local rules are published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us). See subdivision (c) of this rule.

(b)     The court promulgating a local rule or an amendment to a local rule pursuant to Rules 239.1 through 239.7 shall transmit a copy to the Civil Procedural Rules Committee which shall then forward a copy to the Administrative Office of Pennsylvania Courts (AOPC) for publication on the Pennsylvania Judiciary's Web Application Portal.

> Note: The preferable method of transmission to the Civil Procedural Rules Committee is by attachment to e-mail addressed to civil.rules@pacourts.us.
>
> The Committee may, of necessity arising from judicial automation, direct the court promulgating a local rule or amendment to transmit it to the AOPC or take other action to effect publication on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).

(c)     To be effective and enforceable, a local rule or an amendment to a local rule promulgated pursuant to Rules 239.1 through 239.7 shall be

(1)     numbered in accordance with the requirements of those rules,

(2)     published on the Pennsylvania Judiciary's Web Application Portal, and

12

**Note: The Pennsylvania Judiciary maintains a web page at http://ujsportal.pacourts.us/containing the texts of local rules promulgated pursuant to Rules 239.1 through 239.7.**

(3) kept continuously available for public inspection and copying in the office of the prothonotary or clerk of the court promulgating the rule or amendment. Upon request and payment of reasonable costs of reproduction and mailing, the prothonotary or clerk shall furnish to any person a copy of any local rule.

**Note: It is contemplated under subdivision (c)(3) that a separate consolidated set of local rules shall be maintained in the prothonotary or clerk's office. The set of local rules may be in book or electronic form.**

(d) A local rule or amendment promulgated pursuant to Rules 239.1 through 239.7 shall become effective upon publication on the Pennsylvania Judiciary's Web Application Portal.

**Note: See Rule of Judicial Administration 1952 governing the duties and authorities of the trial court in emergency actions. Rule 1952(B)(5) suspends local rule-making procedures during an emergency.]**

**Rule 239.9.  Electronic Filing.  Local Rule 205.4**

(a) If a court permits or requires the electronic filing of legal papers with the prothonotary, the court must promulgate a local rule designated Local Rule 205.4 which sets forth in detail the practice and procedure to file a legal paper electronically and includes the matters set forth in this rule.

(b) Local Rule 205.4 shall include the following subdivisions as required by Pa.R.C.P. No. 205.4:

(1) subdivision (a)(1) stating whether the electronic filing system is permissive or mandatory and specifying the actions and proceedings and the legal papers subject to the rule,

13

(2)     subdivision (b)(1) setting forth one or more formats in which legal papers shall be submitted to the prothonotary for filing. The formats shall include portable document format (pdf) and such other electronic format, if any, that the court may designate,

(3)     subdivision (c)(2) providing a method of access to the electronic filing website for persons who are not attorneys,

(4)     subdivision (d)(1) listing the credit and debit cards approved by the court or the prothonotary, and stating whether the filing fee may be paid by depositing, in advance, sufficient funds with the prothonotary,

(5)     subdivision (d)(3) providing the manner of payment when the court has designated a third party to operate the electronic filing system, and

(6)     subdivision (f) providing the practice and procedure to govern the matters provided for in Rule 205.4(f).

(c)     Local Rule 205.4 may contain such additional subdivisions as the court deems necessary to provide a full and complete description of the electronic filing system.

**[d)     Local Rule 205.4 shall be promulgated in accordance with the provisions of Rule 239.8(b) through (d).]**

**Rule 1028.   Preliminary Objections**

(a)     Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1)     lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

14

Note: Of the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). **[Forum non conveniens]** *Forum non conveniens* and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2).

See Rule of Appellate Procedure 311(b) for interlocutory appeals as of right from orders sustaining jurisdiction and venue.

(2)     failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3)     insufficient specificity in a pleading;

(4)     legal insufficiency of a pleading (demurrer);

Note: The defense of the bar of a statute of frauds or statute of limitations can be asserted only in a responsive pleading as new matter under Rule 1030.

(5)     lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;

(6)     pendency of a prior action or agreement for alternative dispute resolution;

Note: An agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration pursuant to the Uniform Arbitration Act, 42 Pa.C.S. § 7304, or the common law, 42 Pa.C.S. § 7342(a).

(7)     failure to exercise or exhaust a statutory remedy**[,]**; and

(8)     full, complete and adequate non-statutory remedy at law.

(b)     All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.

(c)(1) A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended

15

pleading as of course, the preliminary objections to the original pleading shall be deemed moot.

(2) The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise.

> Note: Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).
>
> However, preliminary objections raising an issue under subdivision (a)(2), (3) or (4) may be determined from facts of record so that further evidence is not required.
>
> Rule 239.5 requires every court to promulgate Local Rule 1028(c) describing the local court procedure governing preliminary objections. **[Local Rule 1028(c) shall be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

(d) If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix.

(e) If the filing of an amendment, an amended pleading or a new pleading is allowed or required, it shall be filed within twenty days after notice of the order or within such other time as the court shall fix.

(f) Objections to any amended pleading shall be made by filing new preliminary objections.

## Rule 1034.  Motion for Judgment on the Pleadings

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

Note: Only the pleadings between the parties to the motion for judgment on the pleadings must be closed prior to filing the motion.

Rule 239.6 requires every court to promulgate Local Rule 1034(a) describing the local court procedure governing motions for judgment on the pleadings. **[Local Rule 1034(a) shall be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

## Rule 1035.2. Motion

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Note: Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which entitles the moving party to judgment as a matter of law.

The evidentiary record may be one of two types. Under **[subparagraph]** <u>**subdivision**</u> (1), the record shows that the material facts are undisputed and, therefore, there is no issue to be submitted to a jury.

An example of a motion under **[subparagraph]** <u>**subdivision**</u> (1) is a motion supported by a record containing an admission. By

17

virtue of the admission, no issue of fact could be established by further discovery or expert report.

Under **[subparagraph]** <u>subdivision</u> (2), the record contains insufficient evidence of facts to make out a **[prima facie]** *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to a jury. The motion in this instance is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense.

Oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. **[See]** <u>See</u> *Nanty-Glo v. American Surety Co.*, **[309 Pa. 236,]** 163 A. 523 (<u>Pa.</u> 1932); *Penn Center House, Inc. v. Hoffman*, **[520 Pa. 171,]** 553 A.2d 900 (<u>Pa.</u> 1989).

Only the pleadings between the parties to the motion for summary judgment must be closed prior to filing the motion.

In asbestos litigation, a motion for summary judgment filed by one defendant alleging a ground common to one or more other defendants is deemed filed on behalf of all such defendants. **[See]** <u>See</u> Rule 1041.1(f).

Partial summary judgment, interlocutory in character, may be rendered on one or more issues of liability, defense or damages.

Rule 239.7 requires every court to promulgate Local Rule 1035.2(a) describing the local court procedure governing motions for summary judgment. **[Local Rule 1035.2(a) shall be published on the Pennsylvania Judiciary's Web Application Portal (http://ujsportal.pacourts.us).]**