J-S78043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAWRENCE T. HOBBIE  AND PATRICIA T. HOBBIE, HUSBAND AND WIFE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : | |
| | : | No. 542 EDA 2018 |
| | : | |
| CCO MORTGAGE AND CITIZENS BANK, | : : | |

Appeal from the Order December 22, 2017
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2014-08434


BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 07, 2019**

Lawrence T. Hobbie and Patricia T. Hobbie, Husband and Wife (collectively "Appellants") appeal from the Order entered in the Court of Common Pleas of Monroe County on December 22, 2017, granting the motion for summary judgment filed by CCO Mortgage and Citizens Bank (collectively "Appellees") to Appellants' Complaint alleging they received negligent advice pertaining to a loan modification and that Appellees should be required to accept a loan modification proposed in 2013.   We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellants] filed this action on October 10, 2014. [Appellants] are owners of 700 Yoke Terrance, Reeders, PA, 18360. This property is subject to a mortgage Note dated

---
*   Former Justice specially assigned to the Superior Court.

February 9, 2006. As of December 31, 2010, Lawrence Hobbie was in breach of the Note for failure to pay real estate taxes due on the property. In the Complaint, [Appellants] allege receiving negligent advice about a loan modification from Assistant Branch Manager Diane Sarday in February 2011 at the Citizens Bank in Tannersville, PA. [Appellants] also seek to enforce a loan modification from July 10, 2013.

[Appellees] filed a Motion for Summary Judgment and a Brief in Support of the motion on November 20, 2017. On November 21, 2017, this [c]ourt directed [Appellants] to respond to the Motion for Summary Judgment as required by Pa.R.C.P. 1035.3 and to file their brief on or before December 15, 2017, which was the date set for pretrial conference. The case was scheduled for trial in December, 2017.

The parties addressed the motion at the pretrial conference on December 15, 2017. [Appellants] did not file a timely response to the Motion for Summary Judgment. On December 22, 2017, an order granting Summary Judgment in favor [Appellees] against [Appellants] was entered. [Appellants] filed a brief opposing the motion, and their Reply to [Appellees'] New Matter on December 26, 2017 after the motion had been granted.

Trial Court Opinion, filed 3/5/18, at 1-2.

Appellants filed a timely notice of appeal on January 22, 2018.[1] On January 24, 2018, the trial court filed its Order pursuant to Pa.R.A.P. 1925(a). Appellants filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on February 14, 2018.

---

[1] Pursuant to Pa.R.A.P. 903(a) "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Because the thirtieth day fell on Sunday, January 21, 2018, Appellants had until Monday, January 22, 2018, to appeal the Order. *See* 1 Pa.C.S.A. 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation).

In their brief, Appellants raise the following questions for this Court's review:

> A.      Did the Trial Court err in granting the Motion for Summary Judgment in light of the pleadings and deposition?
>
> B.      Are there genuine issues of material fact?
>
> C.      Is the Appellants claim in Count I barred by the statute of limitations?

Brief for Appellant at 4.[2]

As this case involves the grant of summary judgment, we begin by observing that:

> summary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact

---

[2] We point out that Appellants' appellate brief fails to conform to Pennsylvania Rule of Appellate Procedure 2119(a) which requires that the argument portion of an appellate brief is to be divided into as many parts as there are questions to be argued.  Although Appellants present three questions in the Statement of Questions Involved portion of their brief, the argument section thereof is comprised of a single discussion which follows a reiteration of the three questions presented.  *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-indistinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.");  ***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 99 n. 9 (Pa.Super. 2016) (determining that the appellant had failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised").  Because we are able to address Appellants' issues, their noncompliance does not preclude our review.

against the moving party. ***Yenchi v. Ameriprise Fin., Inc.***, 639 Pa. 618, 161 A.3d 811, 818 (2017) (citing ***Toy v. Metropolitan Life Ins. Co.***, 593 Pa. 20, 928 A.2d 186, 195 (2007)). An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. ***Fine[v. Checcio***, 582 Pa. 253,] 870 A.2d at 857 n.3 [(2005)]. Because the claim regarding whether there are genuine issues of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

***Nicolaou v. Martin***, 2018 WL 5019804, at *8 (Pa. Oct. 17, 2018). In addition, to the extent this Court must resolve a question of law, we review the trial court's grant of summary judgment in the context of the entire record. ***Yenchi v. Ameriprise Fin., Inc.***, 639 Pa. 618, 630, 161 A.3d 811, 818 (2017), *quoting* ***Summers v. Certainteed Corp.***, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010).

Appellants maintain that "[i]n the pleadings and the counter affidavit, it is clear that there is a genuine issue of material fact to be determined in trial." Brief for Appellants at 13. While the argument portion of their appellate brief in support of this bald statement spans six pages, the majority of that argument is comprised of rote statements of law. ***Id.*** at 12-16. The only discussion Appellants present specifically to support their claim is as follows:

> [Appellants] filed the Complaint on October 10, 2014. The Complaint was filed within two years of the actions taken between [Appellants] and the bank with respect to a loan modification. [Appellants] had no duty to file a Complaint prior to [Appellants] exhausting their opportunity to enter into a loan modification. To do otherwise would be premature. Accordingly, the arguments contained in the Appellees brief are without foundation since [Appellants] filed the Complaint within two years of [the] July, 2013, episode with respect to the loan modification.

- 4 -

At the oral argument [Appellants] were given until December 22, 2017, to file documents in support of their position. [Appellants] attempted to file the Reply to New Matter, Answer to Motion for Summary Judgment and the Brief Contra to [Appellees'] Motion for Summary Judgment on Friday afternoon, December 22, 2017. However, the Monroe County Courthouse closed at noon because of the Christmas Holidays. [Appellants] then filed the following documents when the Courthouse reopened on December 26, 2017. Attached are time stamped copies of the Certificate of Service for the documents filed on December 26, 2017 marked as Appendix "3".

The Motion for Summary Judgment was granted on December 22, 2017, but [Appellants] did not receive the Order of Court until after they filed their documents attached as Appendix "3".[3]

*Id*. at 16-17.

Appellees filed their motion for summary judgment on November 20, 2017. Contrary to Appellants' claims, the Trial Court's November 21, 2017, Order specifically instructed Appellants to respond to the motion for summary judgment pursuant to Pa.R.C.P. 1035.3 and indicated that their brief shall be filed on or before December 15, 2017, the day set for argument on the motion in the Order.

Pa.R.C.P. 1035.3 pertaining to responses to motions for summary judgment reads as follows:

**Rule 1035.3. Response. Judgment for Failure to Respond**

(a)    Except as provided in subdivision (e), the adverse party

---

[3] The documents comprising "Appendix '3'" are Certificates of Service for Appellants' "Reply to New Matter of [Appellees']," "Answer to Motion for Summary Judgment of [Appellees]," and "[Appellants'] Brief Contra to [Appellees'] Motion for Summary Judgment."

- 5 -

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

*Note:* If the moving party has supported the motion with oral testimony only, the response may raise the defense that there is a genuine issue of material fact because the cause of action is dependent upon the credibility and demeanor of the witnesses who will testify at trial. See *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

* * *

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

* * *

Pa.R.C.P. No. 1035.3.

Although the parties addressed Appellees' summary judgment motion at a pretrial conference held on December 15, 2017, Appellants failed to file a response to the motion prior thereto and within thirty days in accordance with Pa.R.C.P. 1035.3. Instead, they filed their "Answer to Motion for Summary Judgment," along with what they titled a "Reply to New Matter of Defendants" and a "Brief Contrary to Defendants' Motion for Summary Judgment" on December 26, 2017. These filings came more than two years after Appellees had filed their Answer and New Matter to Appellants' Complaint, over a week after the deadline the trial court had set in its November 21, 2017, Order, and several days after the trial court had granted Appellees' motion for summary judgment.

In the absence of a timely response to a motion for summary judgment, a court may enter judgment in favor of the moving party. Pa.R.C.P. 1035.3(d). However, the court is not required to grant judgment in such circumstances, and it is within the discretion of the court, *sua sponte,* to allow the non-moving party to respond to a motion for summary judgment after the thirty-day period has elapsed. **Thomas v. Elash**, 781 A.2d 170, 177 (Pa.Super. 2001). Herein, the trial court's November 21, 2017, Order clearly informed Appellants they must respond to Appellees' summary judgment motion in accordance with Pa.R.CP. 1035.3, which provides for a thirty-day period in which to file an

answer once a motion for summary judgment is filed. Appellants also were directed therein to file a brief on or before the hearing on the motion scheduled for December 15, 2017. Appellants filed neither a timely response nor a timely brief, and nowhere do they assert they could not reasonably have done so. As such, the trial court was within its discretion in granting Appellees' motion for summary judgment in accordance with Pa.R.C.P. 1035.3.[4]

Moreover, even had Appellants filed the aforementioned documents timely, they fail to acknowledge that while the moving party in a summary judgment motion bears the initial burden of establishing the absence of a genuine issue of material fact, the adverse party may not rest upon mere allegations or denials in the pleadings to defeat the motion for summary judgment. ***Nordi v. Keystone Health Plan West, Inc.***, 989 A.2d 376, 379

---

[4] In its Rule 1925(a) Opinion, the trial court found Appellants' claims raised on appeal lack merit. First, the court determined Appellants' negligent misrepresentation claim based upon the alleged advice of the assistant bank manager given in February of 2011 was barred by a two year statute of limitations pursuant to 42 Pa.C.S.A. § 5524(7) and ***Toy v. Metropolitan Life Ins. Co.***, 863 A.2d 1 (Pa.Super. 2004) *affirmed* 928 A.2d 186 (Pa. 2007). ***See*** Trial Court Opinion, filed 3/5/18, at 3. In addition, the trial court stated it is undisputed by Appellants' deposition testimony that they failed to accept the July 2013 Mortgage Modification Agreement by the offer's stated expiration date of July 26, 2013, and that Appellees did not agree to reissue the lapsed offer; instead, Appellees sent a separate proposal to Appellants on August 6, 2013. ***Id***. at 4, *citing* Affidavit of Debbie L. Biddle at ¶34. Stressing that mortgages in Pennsylvania are subject to the Statute of Frauds and that there is no enforceable document for purposes of the Statute of Frauds present herein, the trial court held that Appellants are not entitled to modification of the mortgage.

(Pa.Super. 2010). Rather, the nonmoving party must produce evidence of specific material facts demonstrating a genuine issue for trial. **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464 (Pa.Super. 2014), *appeal denied*, 631 Pa. 722, 112 A.3d 648 (2015) *citing* Pa.R.C.P. 1035.3; **see also Nordi**, **supra**. Failure of the nonmoving party to adduce sufficient evidence on an issue essential to his case or defense establishes the moving party's entitlement to judgment as a matter of law. **JP Morgan Chase Bank, N.A, v. Murray**, 63 A.3d 1258, 1261 (Pa.Super. 2013);

In light of the foregoing, Appellants' filing on December 26, 2017, of a brief opposing Appellees' summary judgment motion and their Reply to Appellees' New Matter was insufficient to adduce sufficient evidence to establish Appellees were not entitled to judgment as a matter of law. Thus, we affirm the trial court's December 22, 2017, Order.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19

---

[5] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018).